PEOPLE *v.* SCOUTEN.

Statutory Rape—Evidence of Penetration.

> In a prosecution for having carnal intercourse with a female under 16 years of age, penetration may be shown by the testimony of the prosecuting witness that the respondent had sexual intercourse with her, and the testimony of a physician who made a physical examination.

Error to Osceola; McAlvay, J. Submitted May 8, 1902. (Docket No. 154.) Decided May 19, 1902.

Albert Scouten was convicted of statutory rape, and sentenced to imprisonment in the State prison at Jackson for six years. Affirmed.

*Charles A. Withey,* for appellant.

*B. N. Savidge,* Prosecuting Attorney, for the people.

Montgomery, J. The respondent was convicted of having carnal intercourse with a female under the age of 16 years, and brings the case here for review upon a single question. It is contended that there is no sufficient proof of penetration. The rule is laid down in 1 McClain, Cr. Law, § 450, that no particular form of words on the part of the prosecuting witness is necessary in testifying to the fact of penetration; that her statement that the defendant had full connection or sexual intercourse with her is sufficient, if the jury therefrom believe that the penetration was effected. The complaining witness in the present case testified that the respondent had sexual intercourse with her. There was also testimony of a physician, who made an examination of the parts, and found that the hymen had been ruptured, and a relaxed condition of the vagina. He also testified that frequent sexual intercourse with an adult male would cause the condition which he found.

We think the rule stated in McClain on Criminal Law is reasonable. It is true, the fact of penetration must be proved, although any penetration, however slight, is sufficient. But it may be proved, as any other fact is proved, by circumstantial evidence, or by one who witnessed the act, but who is unable to testify in terms to the actual fact of penetration. See *Brauer* v. *State*, 25 Wis. 413. The testimony of the physician, showing the condition of the parts, is an important piece of evidence as bearing upon the question of fact. See *Brauer* v. *State, supra,* and cases cited.

The conviction will be affirmed.

HOOKER, C. J., MOORE and GRANT JJ., concurred. LONG, J., did not sit.