PEOPLE v MIKULA

Docket No. 77-803. Submitted January 4, 1978, at Grand Rapids.—
Decided April 20, 1978.

Vence Mikula, also known as Vincent M. Mikula, was convicted
of second- degree criminal sexual conduct in Grand Traverse
Circuit Court, Charles M. Forster, J. Defendant appeals claim-
ing error: in the denial of motions to present evidence of the
complainant's prior sexual conduct with third persons and of
prior false accusations of sexual assault made by the complain-
ant, in admitting hearsay evidence regarding the details of the
alleged assault, and in permitting a medical expert to testify
concerning a gynecological examination of the complainant
conducted six months after the alleged assault. *Held:*

Evidence of specific instances of sexual activity by the complain-
ant is admissible to explain the physical condition of her
genital area to show that another person might have been
responsible for her condition where the complainant's physical
condition is offered as circumstantial evidence of the defend-
ant's guilt. Such evidence of her physical condition is admissi-
ble when offered to prove an element of the crime charged
provided the inflammatory or prejudicial nature of the evidence
does not outweigh its probative value. Such evidence may be
allowed in accordance with the statute regarding admission of
such evidence where such condition is expressly included in the
statute or where it is another condition similarly probative of
one of the elements of the sexual offense charged. The com-
plainant may also be cross-examined regarding prior false
accusations of a similar nature, and if she denies them, proof of
such charges having been made may be submitted. Hearsay
testimony concerning the details of the complaint is admissible
where the complainant is of "tender years", her statement
spontaneous, without indication of manufacture, and if any
delay in making the complaint is excusable due to fear or other

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 65 Am Jur 2d, Rape § 82 *et seq.*
[3] 65 Am Jur 2d, Rape § 86 *et seq.*
[4] 65 Am Jur 2d, Rape §§ 76, 101.
[5] 65 Am Jur 2d, Rape § 63.

equally effective circumstances, however, only the original account of the assault may be related by a witness. Expert medical testimony is admissible as circumstantial evidence of the fact of penetration. Whether such testimony should be excluded because of the lapse of time between the incident and the examination should be determined in light of the facts and circumstances; however, a foundation must be laid for such testimony with some evidence of the complainant's physical condition prior to the alleged assault.

Reversed and remanded.

1. RAPE—EVIDENCE—PRIOR SEXUAL CONDUCT—PHYSICAL CONDITION OF COMPLAINANT—CIRCUMSTANTIAL EVIDENCE.

Evidence of the complainant's prior sexual conduct with third persons is admissible in a trial for first-degree criminal sexual conduct when such evidence is offered to explain the physical condition of the complainant's genital area where such physical condition is offered as circumstantial evidence of the defendant's guilt; the defendant should be permitted to meet such circumstantial evidence from which the jury might infer the occurrence of a sexual act with proof of the complainant's prior sexual activity tending to show that another person might have been responsible for the complainant's condition.

2. RAPE—EVIDENCE—SEXUAL ACTIVITY—PHYSICAL CONDITION OF COMPLAINANT—ELEMENTS—PREJUDICE—PROBATIVE VALUE—STATUTES.

Evidence of specific instances of sexual activity by the complainant in instances other than the crime charged is admissible, in a trial for first-degree criminal sexual conduct, to show the origin of a physical condition when evidence of that condition is offered by the prosecution to prove one of the elements of the crime charged, provided the inflammatory or prejudicial nature of the rebuttal evidence does not outweigh its probative value; evidence of the origin of the condition offered to rebut the inference of guilt is admissible whether the condition is one of those expressly included in the statute regarding the admission of such evidence or another condition similarly probative of one of the elements of the crime (MCL 750.520j[1] [b]; MSA 28.788[10] [1] [b]).

3. RAPE—EVIDENCE—CROSS-EXAMINATION—FALSE ACCUSATIONS BY COMPLAINANT—CREDIBILITY.

The defendant may cross-examine the complainant in a prosecution for a sexual offense regarding prior false accusations of a similar nature, and, if the complainant denies having made

them, submit proof of such charges; it is imperative that the defendant be given an opportunity to place before the jury evidence so fundamentally affecting the complainant's credibility in an action where the verdict necessarily turns upon the credibility of the complainant.

4. RAPE—EVIDENCE—HEARSAY—COMPLAINT—TENDER YEARS—ORIGINAL ACCOUNT—SUBSEQUENT ACCOUNTS.

Hearsay testimony concerning the details of a complaint of sexual assault is admissible in a trial for first-degree criminal sexual conduct where the complainant is of "tender years", and where her statement is shown to have been spontaneous, and without indication of manufacture, and if any delay in making the complaint is excusable insofar as it is caused by fear or other equally effective circumstances; however, only the original account of the assault may be related by a witness.

5. RAPE—EVIDENCE—PHYSICIAN'S TESTIMONY—PHYSICAL CONDITION OF COMPLAINANT—LAPSE OF TIME—FOUNDATION.

A physician's testimony regarding the condition of a complainant's genital area is competent circumstantial evidence of the fact of penetration in a trial for first-degree criminal sexual conduct; whether such testimony should be excluded because of a lapse of time between the incident and the examination is determined in light of the facts and circumstances of the case; however, a foundation must be laid for such testimony with some evidence of the complainant's physical condition prior to the alleged assault.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John D. Foresman,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*Robert J. Beuerle,* for defendant.

Before: D. F. WALSH, P. J. and R. M. MAHER and BEASLEY, JJ.

PER CURIAM. Defendant was charged with first-degree criminal sexual conduct. MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). He was tried by

a jury and convicted of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). He was sentenced to 5 to 15 years imprisonment and now appeals. The following issues are presented for our consideration:[1]

(1) Did the criminal sexual conduct act, MCL 750.520j(1)(b); MSA 28.788(10)(1)(b), prohibit admission of evidence of the complainant's prior sexual conduct with third persons where that evidence was offered to explain the origin of the condition of the complainant's hymen and vaginal opening?

(2) Did the aforementioned statute preclude admission of prior false accusations of sexual assault made by the complainant?

(3) Did the trial court err in admitting hearsay testimony regarding the content of the complaining witness's complaint?

(4) Did the trial court err in permitting a medical expert to testify concerning the results of a gynecological examination of the complainant that was conducted six months after the alleged incident.

## Facts

In a pretrial motion defense counsel stated that a police report contained an allegation that the complainant had been involved in a sexual incident with a 14-year-old boy some months prior to the alleged incident with the defendant.[2] Counsel moved the court to order discovery of the details of the prior incident and to admit whatever evidence

---

[1] Our disposition of the issues recited make it unnecessary to discuss the other issues raised by defendant.

[2] The police report indicated that the victim had stated that both the defendant and Bernie (the 14-year-old-boy) "did this to me, but I didn't get pregnant". It is apparent from the record that the prosecutor was also aware of the prior incident.

was obtained arguing that it would be relevant for one of two purposes:

(1) If the prior incident involved sexual penetration of the complainant, it would provide an alternative explanation for her physical condition; or

(2) If the incident did not occur, the complainant's false accusation would be important impeachment evidence.

The trial court denied the motion ruling that MCL 750.520j(1)(b); MSA 28.788(10)(1)(b) prohibited the introduction of such evidence.

At trial, over timely objection, two prosecution witnesses were permitted to relate the details of the alleged assault as told to them by the complainant six months after the alleged incident. Neither witness was the first person to whom the complainant had related the incident.[3]

The prosecution also introduced expert medical testimony concerning the condition of the complainant's genital area. The testimony was based upon an examination conducted approximately six months after the alleged incident. The doctor testified that the complainant did not have an intact hymenal ring and that her vaginal opening was unusually open for a child of her age. In his opinion, the findings were "entirely consistent, although certainly not diagnostic of" attempted or partial penetration by an adult penis.[4] Defendant

---

[3] The complainant's testimony indicated that the two witnesses were the fourth (Mrs. Peek) and fifth (Sgt. Beadle) persons whom she had told. Mrs. Peek's testimony indicated that, based on what the complainant had told her, she was the sixth person and Sgt. Beadle the eighth.

Complicating the situation is the fact that the complainant's mother contradicted her daughter's allegation that she had reported the assault to her. If that testimony was accurate, the first complaint was made to one of Mrs. Peek's children who was available at trial.

In any event, it is clear that the testimony given did not describe the original complaint.

[4] On cross-examination, the doctor testified that the condition was

unsuccessfully objected to the testimony on the ground that no connection had been shown between the complainant's condition and the alleged incident.

We address the issues in the order recited above.

I

The statutory provision under consideration reads in pertinent part as follows:

"Sec. 520j. (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b and 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

\* \* \*

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease." MCL 750.520j(1)(b); MSA 28.788(10)(1)(b).

Defendant argues that the intent of this provision is to permit an accused to introduce specific instances of the complainant's sexual activity to show the origin of a physical condition offered as circumstantial evidence of defendant's guilt.[5] The prosecution contends that the specific physical condition here involved is not included in the

also consistent with the child's deliberate insertion of a foreign object into her vagina, accidental injury, disease, or congenital abnormality.

[5] The only purpose for which the doctor's testimony was relevant was to establish an element of the crime, *i.e.* penetration. As such, its only relevance to the charged offense was to show inferentially that the defendant effected sexual penetration of the victim. It was, therefore, evidence pertaining to the guilt of the defendant.

statute and the proffered evidence was, therefore, properly excluded. We are persuaded that the defendant's interpretation of the statute is correct.

It is well settled that where the prosecution substantiates its case by demonstrating a physical condition of the complainant from which the jury might infer the occurrence of a sexual act, the defendant must be permitted to meet that evidence with proof of the complainant's prior sexual activity tending to show that another person might have been responsible for her condition. *People v Hunter,* 374 Mich 129; 132 NW2d 95 (1965), *People v Russell,* 241 Mich 125; 216 NW 441 (1927), *People v Keller,* 227 Mich 520; 198 NW 939 (1924), *People v Werner,* 221 Mich 123; 190 NW 652 (1922).[6] The question in this case is whether the Legislature intended to retain that rule only for the conditions expressly included in the statute—to the exclusion of other physical conditions. We think not. We are persuaded that there is no rational distinction between the evidence expressly allowed under the statute and that offered in this case.

Certainly proof of the origin of the condition found in this case has no more potential for harassment of a complainant than proof of the origin of one of the conditions expressly included in the statute. Moreover, the prosecution offered the evidence of the condition found in this case for the same purpose for which evidence of a condition included in the statute would be introduced, *i.e.* to prove the guilt of the accused. The introduction of evidence of the origin of the condition to rebut the inference of guilt is equally important to the defense whether the condition be one of those in-

---

[6] *See also* 1 Wharton's Criminal Evidence (13th ed, 1972), § 237, p 523; 65 Am Jur 2d, Rape, § 85, p 811; 75 ALR2d 508, § 3[b], p 518; 140 ALR 364.

cluded in the statute or another condition similarly probative of one of the elements of the crime.

We conclude, therefore, that the Legislature intended that evidence of specific instances of sexual activity is admissible to show the origin of a physical condition when evidence of that condition is offered by the prosecution to prove one of the elements of the crime charged provided the inflammatory or prejudicial nature of the rebuttal evidence does not outweigh its probative value.

## II

The trial court's order denying the discovery motion necessarily implied that the aforementioned statute also precluded introducing impeachment evidence of prior false accusations by the complainant. We address this issue separately because such evidence is admissible for reasons distinct from those discussed in the preceding issue.

In a prosecution for a sexual offense, the defendant may cross-examine the complainant regarding prior false accusations of a similar nature and, if she denies making them, submit proof of such charges. *People v Werner,* 221 Mich 123; 190 NW 652 (1922), *People v Wilson,* 170 Mich 669; 137 NW 92 (1912), *People v Evans,* 72 Mich 367; 40 NW 473 (1888). In a case such as the one before us, where the verdict necessarily turned on the credibility of the complainant, it is imperative that the defendant be given an opportunity to place before the jury evidence so fundamentally affecting the complainant's credibility.

We emphasize that the complainant is not to be put on trial for any prior sexual activity. The evidence here discussed seeks to impeach her not because she is shown to be unchaste but because

she has lied concerning similar charges in the past. See *People v Wilson, supra,* at 673–674.

### III

Hearsay testimony concerning the details of a complaint of sexual assault is admissible where the complainant is of "tender years" if her statement is shown to have been spontaneous and without indication of manufacture, and if any delay in making the complaint is excusable insofar as it is caused by fear or other equally effective circumstances. *People v Baker,* 251 Mich 322; 232 NW 381 (1930), *People v Taylor,* 66 Mich App 456; 239 NW2d 627 (1976).

The trial court cited *People v Taylor, supra,* as the basis for admitting the challenged testimony. We find the *Taylor* rationale was properly applied here. Only the original account of the assault, however, may be related by a witness. It was improper for the trial court to permit subsequent accounts into evidence.[7] *People v Baker, supra.*

### IV

A physician's testimony regarding the condition of a complainant's genital area is competent circumstantial evidence of the fact of penetration. *People v Inman,* 315 Mich 456; 24 NW2d 176 (1946), *People v Scouten,* 130 Mich 620; 90 NW 332 (1902). Whether such testimony should be excluded because of the lapse of time between the incident and the examination must be determined in light of the facts and circumstances of the case. *People v Inman, supra.*

---

[7] On retrial it will be necessary for the court to determine to whom the complainant originally told her story.

However, a foundation must be laid for such testimony. There must be some evidence of the complainant's physical condition prior to the alleged assault. *People v McGillen #2,* 392 Mich 278; 220 NW2d 689 (1974), see *People v Inman, supra.*

In the instant case, there was no evidence concerning the complainant's physical condition prior to the alleged incident. Unless such evidence is introduced, the medical testimony is irrelevant and immaterial. *People v McGillen #2, supra.*

Reversed and remanded for a new trial.

BEASLEY, J., concurs in the result only.