**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth William REINART, Defendant and Appellant.**

**Cr. No. 880262.**

Supreme Court of North Dakota.

May 17, 1989.

Peter H. Furuseth, State's Atty., Williston, for plaintiff and appellee.

Kent M. Morrow, of Morrow Law Office, Watford City, for defendant and appellant.

VANDE WALLE, Justice.

Kenneth William Reinart has appealed from a criminal judgment entered upon a jury verdict finding him guilty of gross sexual imposition in violation of § 12.1–20–03(1)(d), N.D.C.C.[1] We reverse and remand for a new trial.

The complainant, Reinart's stepdaughter, who was fourteen years old when the alleged sexual acts occurred, testified that Reinart had repeatedly engaged in sexual intercourse with her over a period of several months. A physician testified about a physical examination of the complainant:

**1.** *"12.1–20–03. Gross sexual imposition.*
"1. A person who engages in a sexual act with another, ... is guilty of an offense if:

\* \* \* \* \* \*
"d. The victim is less than fifteen years old; ..."

"A. Okay. My assessment of the scars would be that there was chronic non-accidental trauma.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Okay. Does that mean there has been intercourse there?

"A. A strong suspicion of intercourse.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Okay. Chronic blunt trauma. What do you mean by that?

"A. Just chronic blunt trauma. Some sort of a blunt instrument pushed against the external orifice of the vagina.

"Q. Could a blunt instrument, would a penis fit that?

"A. Yes, it would.

"Q. And chronic would mean that it was continuous?

"A. Probably more than one time.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Did you reach any conclusions based upon your examination?

"A. My conclusion is that there had been non-accidental trauma or sexual abuse that occurred to this child."

When counsel for Reinart asked the complainant on cross-examination if she had "ever had sexual intercourse with anyone else," the prosecutor objected on the ground that "[i]t is not relevant." The trial court sustained the objection.[2]

Reinart has raised three issues on appeal: (1) whether the trial court erred in failing to allow Reinart to cross-examine the complainant about her sexual conduct; (2) whether the court erred in not excluding the testimony of three witnesses that the complainant previously told them that Reinart had engaged in sexual intercourse with her; and (3) whether the court erred in admitting evidence of Reinart's prior conviction of assault and battery.

**2.** In his closing argument to the jury, the prosecutor said of the physician's testimony about the complainant's physical condition and of the lack of proof that anyone other than the defendant was responsible for it:

"So this to me is a key piece of evidence. I want you to look at it closely. You have evidence that she has been sexually molested.

Reinart contends that he should have been allowed to "elicit testimony that there may have been other persons responsible for [the complainant's] physical condition, thus raising the possibility of a reasonable doubt." Relying on §§ 12.1–20–14(1) and 12.1–20–15, N.D.C.C., *State v. Buckley*, 325 N.W.2d 169 (N.D.1982), and *State v. Piper*, 261 N.W.2d 650 (N.D.1977), the State contends that the trial court properly refused to allow cross-examination of the complainant about her sexual conduct.

Because of her age, a jury may perceive a fourteen-year-old girl as a sexual innocent. See *State v. Howard*, 121 N.H. 53, 426 A.2d 457, 462 (1981). In *People v. Haley*, 153 Mich.App. 400, 395 N.W.2d 60, 61 (1986), the defendant sought admission of evidence of sexual conduct between the complainant and her father to "dispel any inferences of sexual innocence which the jurors might otherwise be inclined to make based on complainant's youth." The court held that the evidence should have been allowed, stating that "once the prosecution introduced medical evidence to establish penetration, evidence of alternative sources of penetration became highly relevant to material issues in dispute." *Id.*, 395 N.W. 2d at 62. See also, *Oswald v. State*, 715 P.2d 276 (Alaska App.1986); *State v. McDaniel*, 204 N.W.2d 627 (Iowa 1973); *People v. Mikula*, 84 Mich.App. 108, 269 N.W.2d 195 (1978). When the prosecutor introduced medical evidence of this youthful complainant's physical condition, the defendant should have been allowed to "provide an alternative explanation for her physical condition" by cross-examining the complainant about her "prior sexual activity tending to show that another person might have been responsible for her condition." *People v. Mikula, supra,* 269 N.W. 2d at 198.

\*　　\*　　\*　　\*　　\*　　\*

"There has been no proof presented that anyone else is responsible. She said the Defendant did it. And I think this evidence here proves it. So look at it carefully."

The State's reliance on §§ 12.1–20–14(1)[3] and 12.1–20–15, N.D.C.C.; *State v. Buckley, supra;* and *State v. Piper, supra;* is misplaced. Section 12.1–20–14(1), N.D.C.C., unambiguously renders evidence of a complaining witness's sexual conduct inadmissible only if offered "to prove consent by the complaining witness." Section 12.1–20–15, N.D.C.C., merely provides the procedure to be followed in admitting "evidence of sexual conduct of the complaining witness ... offered to attack the credibility of the complaining witness." *State v. Buckley, supra,* and *State v. Piper, supra,* dealt with consent and credibility. Consent is not an issue when a defendant is charged with engaging in a sexual act with a person less than fifteen years old. Reinart sought to cross-examine the complainant about her sexual conduct, not to prove consent or for general impeachment purposes, but to show that there may have been someone else responsible for her physical condition.

The right to confront the witnesses in a criminal trial is guaranteed by the Sixth Amendment to the United States Constitution and, by virtue of the Fourteenth Amendment, applicable in State proceedings. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). That right includes the prerogative to conduct reasonable cross-examination of the witnesses. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674, 686 (1986), the Supreme Court held that "the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias, like other Confrontation Clause errors, is subject to *Chapman [Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ] harmless-error analysis." The Court stated:

"The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case."

*Id.,* quoted in *Olden v. Kentucky,* —— U.S. ——, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988). See also, Rule 52(a), N.D.R.Crim.P; *State v. Janda,* 397 N.W.2d 59 (N.D.1986); *State v. Demery,* 331 N.W.2d 7 (N.D.1983).

Applying the *Van Arsdall* factors to the instant case, we conclude the denial of the right to cross-examine the complainant who was not, except in the legal sense, an infant, is prejudicial error which we cannot say is harmless beyond a reasonable doubt. Her testimony is obviously crucial to the prosecution's case and was not cumulative. Although her testimony was, as we discuss in the next issue, corroborated, it was contradicted by her mother and by the defendant on material points. Cross-examination of the complainant was otherwise permitted, including her general association with young males. But, as in *Haley, supra,* once the prosecution introduced medical evidence to establish penetration, evidence of alternative sources of penetration became highly relevant to the crucial issue in dispute.[4] Reinart should have been al-

---

**3.** *"12.1–20–14. Admissibility of evidence concerning reputation of complaining witness—Gross sexual imposition and sexual imposition.*

"1. In any prosecution for a violation of section 12.1–20–03 or 12.1–20–04, or for an attempt to commit an offense defined in either of those sections, opinion evidence, reputation evidence, and evidence of specific instances of the complaining witness' sexual conduct, or any of such evidence, *is not admissible* on behalf of the defendant *to prove consent* by the complaining witness. This subsection shall not be applicable to evidence of the complaining witness' sexual conduct with the defendant." [Emphasis added.]

**4.** It is not necessary for defense counsel to make an offer of proof to preserve the right to raise on appeal the issue of the denial of the right to

lowed to provide an alternative explanation for the complainant's physical condition by cross-examining the complainant about her prior sexual activity for the purpose of attempting to show that another person might have been responsible for her condition. The denial of that right, in the context of this case, is not harmless beyond a reasonable doubt and, accordingly, Reinart is entitled to a new trial.

 Our resolution of this issue may make the answer to the remaining issues unnecessary but the trial court's failure to exclude the testimony of three witnesses that the complainant previously told them that Reinart had engaged in sexual intercourse with her is virtually certain to arise on remand and we therefore consider it at this time. Reinart objected to this testimony on the ground that it was hearsay.

The testimony was not hearsay. Rule 801(d), N.D.R.Ev., provides in part:

"(d) *Statements Which Are Not Hearsay.* A statement is not hearsay if:

"(1) *Prior Statement by Witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (*ii*) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, ..."

The declarant testified at trial and was subject to cross-examination concerning the statements, which were consistent with her testimony. Reinart's counsel said in his opening statement:

"It is a case where this did not occur at all. This is a case where this is a story dreamed up, concocted, thought up by a young teenage girl....

"The allegations are a figment of her imagination.... These were tales made up to gain revenge against her stepfather she—who she didn't like. Who she felt was too hard. Had too much discipline in the family home. Did not allow her to do whatever she wanted to do.

"Basically, an act of rebellion against her stepfather...."

Thus, the witnesses' testimony that the complainant previously told them that Reinart had engaged in sexual intercourse with her rebutted a charge of recent fabrication or improper motive and therefore was not hearsay.

We will not consider the trial court's admission of evidence of Reinart's prior conviction of assault and battery, as we are not certain this issue will arise at a new trial.

Reversed and remanded for a new trial.

ERICKSTAD, C.J., and LEVINE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.

cross-examine an adverse witness. *State v.*    *Entze,* 272 N.W.2d 292 (N.D.1978).