# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEREMIAH DWAYNE ENGLAND,

Defendant-Appellant.

UNPUBLISHED
January 24, 2017

No. 329739
Eaton Circuit Court
LC No. 15-020026-FC

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant, Jeremiah Dwayne England, was convicted by a jury of four counts (counts 1, 2, 3, and 4) of first-degree criminal sexual conduct, MCL 750.520b(1)(h)(*i*), and two counts (counts 5 and 6) of second-degree criminal sexual conduct, MCL 750.520c(1)(h)(*i*). These convictions arose out of multiple acts of sexual abuse perpetrated by defendant against his adopted, mentally disabled teenage daughters, BE 1 and BE 2. The trial court sentenced defendant to 15 to 30 years in prison on counts 1 and 2, 11 to 25 years in prison on counts 3 and 4, 7 to 15 years in prison on count 5, and 5 to 15 years in prison on count 6. Notably, counts 1 and 2 were to be served consecutively. Defendant appeals as of right his September 18, 2015 judgment of sentence. We affirm.

On appeal, defendant argues that his convictions must be reversed because he was deprived of his constitutional rights to confront the witnesses against him and to present a defense. Specifically, defendant argues that he was deprived of these constitutional rights when the trial court "precluded defense counsel from asking about [the victim]'s sexual activities with others, e.g. whether she had let a boy at school touch her." According to defendant, this testimony would have provided "an alternate source for the doctor's findings regarding the size of [the victim]'s hymenal opening and anal scar." Had this evidence been presented, defendant claims, the jury's verdict may well have been different. Therefore, he concludes, reversal is required. We disagree.

MCL 750.520j, the so-called rape-shield statute, excludes the admission of evidence of a victim's sexual activity that is not incident to the allegations of criminal sexual conduct at issue. *People v Adair,* 452 Mich 473, 478; 550 NW2d 505 (1996). However, if evidence of a victim's sexual activity is material to a disputed fact, a trial court may admit "[e]vidence of the victim's past sexual conduct with the actor" or "[e]vidence of specific instances of sexual activity

-1-

showing the source or origin of semen, pregnancy, or disease." MCL 750.520j; see also *People v Mikula*, 84 Mich App 108, 115; 269 NW2d 195 (1978). Similarly, the admission of evidence of a victim's sexual activity may be required in order to preserve a defendant's constitutional right to confront the witnesses against him or her, *People v Hackett*, 421 Mich 338, 348; 365 NW2d 120 (1984), as well as a defendant's constitutional right to present a defense, *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006). It is important to note, however, that these rights are not absolute. *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012); *Michigan v Lucas*, 500 US 145, 149; 111 S Ct 1743; 114 L Ed 2d 205 (1991).

Applying these rules to the facts of this case, we discern no constitutional error with respect to the trial court's apparent decision to preclude defendant from cross-examining BE 1 regarding alleged sexual activity with a boyfriend. At the outset, it is our view that defendant has failed to establish the factual predicate to support his claim. Defense counsel asked BE 1 about sexual contact with a boy at school, and the trial court struck the question from the record after an off-the-record discussion. Aside from this question, the record reflects no other discussion, motions, offers of proof, or objections regarding the admissibility of this evidence under applicable statutory or constitutional authority. Consequently, we are of the view that defendant's argument in this regard could be rejected for that reason alone. See *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014).

Even if we assume that defendant has established the factual predicate for his claim, however, reversal is not required under the facts and circumstances of this case. Ultimately, defendant claims that he is constitutionally entitled to cross-examine BE 1 in response to Dr. Stephen Guertin's testimony that the enlarged size of BE 1's hymen could only be the result of sexual activity or abuse. However, the only evidence presented by either party regarding any other sexual activity by BE 1 was BE 1's mother's testimony that BE 1 had a boyfriend at some point and that she was "possibly" contacted by the school regarding what defense counsel described as "inappropriate contact" but denied that it was anything more than "kissin[g]." This evidence is insufficient for us to conclude that further questioning was constitutionally required. As indicated above, had defendant provided any offer of proof, which is statutorily required, our analysis may well have been different. But, he did not. Thus, while we agree that defendant is entitled to confront the witnesses against him and present a defense, it is defendant who "is obligated initially to make an offer of proof as to the proposed evidence and to demonstrate its relevance to the purpose for which it is sought to be admitted." *Hackett*, 421 Mich at 350. Likewise, it is the trial court that has "the responsibility to restrict the scope of cross-examination to prevent questions which would harass, annoy or humiliate sexual assault victims and to guard against mere fishing expeditions." *Id*. And, given the record before us, defendant's desire to cross-examine the victim further with respect to her alleged boyfriend based on this testimony appears to be nothing more than an impermissible fishing expedition. Furthermore, the record reflects that defense counsel did cross-examine BE 1 regarding compelling, albeit nonsexual, evidence of BE 1's alleged bias or motive to fabricate. *People v LaLone*, 432 Mich 103, 128-129; 437 NW2d 611 (1989). Accordingly, we discern no constitutional error.

On appeal, defendant also argues that he is entitled to resentencing because the trial court abused its discretion in imposing consecutive sentencing with respect to counts 1 and 2. In support of his position, defendant points to the fact that he has "no prior criminal record of any kind," his educational and employment background, his childhood environment, and his current

marriage, arguing that these positive aspects outweighed any negative aspects that may have supported consecutive sentences. While he acknowledges that he "must be appropriately punished," defendant claims that "the imposition of consecutive sentences here goes too far." Therefore, he claims, resentencing is required. We disagree.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (citation and internal quotation marks omitted). However, pursuant to MCL 750.520b(3), when a defendant is convicted of first-degree criminal sexual conduct, the sentencing court is permitted to order that the term of imprisonment for that sentence be served consecutively to any other term of imprisonment arising out of a criminal offense that occurred during the same transaction. Here, as defendant acknowledges in his brief on appeal, defendant was charged with two counts of first-degree criminal sexual conduct, and both charges arose out of the same transaction. See *Ryan*, 295 Mich App at 399; see also *People v Bailey*, 310 Mich App 703, 725; 873 NW2d 855 (2015). Thus, our inquiry is limited to whether the trial court's decision to exercise its discretion under the facts and circumstances of this case fell beyond the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). We conclude that it did not. At sentencing, the trial court justified its sentence by citing a variety of factors that played a role in its decision. Further, the trial court expressly noted that, in addition to being defendant's adopted daughters, the victims were mentally disabled. The trial court recognized that defendant took advantage of the victims' vulnerability, likely in hopes that they would not disclose his abuse given their disabilities. Accordingly, we conclude that the trial court did not abuse its discretion in imposing consecutive sentences.

Relatedly, defendant also takes issue with the prosecutor's comment that defendant's actions in this case were "reprehensible," questioning "what type of first-degree criminal sexual conduct violations she would find to be not reprehensible." This type of argument is meritless. In short, the fact that the prosecutor described defendant's conduct as "reprehensible" does not require resentencing, and this is true even if other acts of criminal sexual conduct could also be described using the same adjective. Defendant additionally takes issue with a probation officer's comments that defendant "refused to make any comments regarding his conduct in the instant offense" and that defendant "has failed to take any responsibility for his actions, to offer a possible reason of committing the instant offenses[,] and to offer any remorse for the lives he has harmed." He claims that "a sentencing court cannot base a sentence, even in part, on a defendant's refusal to admit guilt." However, there is nothing in the record to suggest that the trial court relied on these comments, even in part, in sentencing defendant. Rather, the trial court expressly based defendant's sentence on "the punishment aspect, rehabilitation prospects, deterrence, [and] protection of society[,]" and we are not willing to assume that the trial court imposed consecutive sentencing in this case simply because defendant did not admit his guilt. Accordingly, we reject both of defendant's arguments in this regard.

In a brief filed pursuant to Administrative Order No. 2004-6, Standard 4, defendant also argues that he is entitled to resentencing pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We disagree. Defendant does not provide any indication that any offense variables were scored based on judicially found facts. Thus, he is not entitled to relief. *Id*. at 394. Furthermore, even if we assume that some of the offense variables were scored based on judicially found facts, defendant provides no indication that changing the score of those offense

variables would have affected his minimum sentence guideline range.  *Id*. at 395.  Finally, in *Lockridge*, our Supreme Court "h[e]ld that . . . remands are warranted only in cases involving sentences imposed *on or before July 29, 2015*," and defendant's sentences in this case were imposed on September 18, 2015, more than two months later.  *Id*. at 397 (emphasis added).  Accordingly, resentencing pursuant to *Lockridge* is not appropriate here.

Affirmed.

/s/ Michael J. Kelly
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien