# Order

Michigan Supreme Court
Lansing, Michigan

February 3, 2017

Stephen J. Markman,
Chief Justice

Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

154220 & (107)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant/Cross-Appellee,

v

                                        SC: 154220
                                        COA: 313786
                                        Ingham CC: 12-000206-FC

BARRY DAVIS SHAW,
      Defendant-Appellee/Cross-Appellant.

_____/

      On order of the Court, the application for leave to appeal the June 14, 2016 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

      ZAHRA, J. (*dissenting*).

      I would grant leave or, at the least, order oral argument on whether to grant the application or take other action.[1]  In this case, the prosecution presented evidence that defendant frequently engaged in acts of sexual abuse with his stepdaughter when she was between 9 and 16 years of age.  In August 2011, when she was 23 years old, she reported this lengthy period of abuse to the Lansing Police Department.  At the conclusion of a jury trial in September 2012, defendant was convicted of nine counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and acquitted of one count of CSC-I.  In October 2012, he was sentenced to a prison term of 180 to 480 months (15 to 40 years) for one count and to concurrent terms of 225 to 480 months in prison (18¾ to 40 years) for the remaining counts.

      In April 2013, defendant's appellate counsel moved for a new trial.  The trial court held a *Ginther*[2] hearing over a period of ten days from December 6, 2013, to February 21, 2014.  After further briefing by the parties, the court issued a detailed 40-page opinion denying the motion for new trial.  In a June 14, 2016 published opinion, the Court of Appeals reversed on the ground that defendant did not receive effective assistance of counsel at trial.[3]  Judge KATHLEEN JANSEN dissented.[4]  The Court of Appeals majority

---

[1] MCR 7.305(H)(1).

[2] *People v Ginther*, 390 Mich 436 (1973).

[3] *People v Shaw*, 315 Mich App ___ (2016).

[4] *Id*. at ___ (JANSEN, J., dissenting).

concluded that defense counsel was ineffective for failing to object to hearsay testimony and for failing to present other evidence explaining the source of the victim's injuries.[5]

I have grave concerns that the Court of Appeals impermissibly substituted its judgment for that of the trial judge, who made specific findings rejecting each of defendant's claims of error in a thorough and well-reasoned opinion issued after a lengthy and comprehensive *Ginther* hearing.[6] If the application for leave to appeal raised only this issue, a denial might be in order. Typically, this Court refrains from engaging in error correction. But of great jurisprudential significance is the question whether the Court of Appeals properly interpreted the rape-shield statute when it concluded that trial counsel was ineffective for failing to admit evidence of the victim's adult sexual activity.

In the *Ginther* hearing it was disclosed that defense counsel "did not ask questions about the complainant's [consensual adult] sexual activity with [her boyfriend] because

---

[5] *Id*. at ___ (opinion of the Court); slip op at 10.

[6] Although the legal framework for reviewing claims of ineffective assistance of counsel is well established in this state, this Court has previously found it necessary to remind the Court of Appeals of its limited role, emphasizing that

> [i]n the real world, defending criminal cases is not for the faint of heart. Lawyers must fulfill ethical obligations to the court, zealously advocate the client's best interests (which includes establishing that they, and not the client, are in charge of making the professional decisions), and protect themselves against grievances and claims of malpractice. Lawyers will inevitably make errors in the process, but, because both cases and attorneys come in an infinite variety of configurations, those errors can only *rarely* be defined "with sufficient precision to inform defense attorneys correctly just what conduct to avoid." [*Strickland v Washington*, 466 US 668, 693 (1984).] Thus, the Sixth Amendment guarantees a range of reasonably competent advice and a reliable result. It does not guarantee infallible counsel. [*People v LeBlanc*, 465 Mich 575, 592 (2002), quoting *People v Mitchell*, 454 Mich 145, 170-171 (1997) (emphasis added).]

A reviewing court must be cognizant that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction . . . , and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 US at 689. "Judicial scrutiny of counsel's performance must be *highly* deferential." *Id*. (emphasis added). In my view, the Court of Appeals majority ignored the above principles. As observed by Judge JANSEN in her dissent, no deference was given to the evidentiary conclusions reached by the learned trial judge, and instead the majority impermissibly substituted its judgment for that of the trial court.

[counsel] believed it to be barred by the rape-shield law."[7] "The trial court agreed, ruling that defense counsel's failure to present this testimony was not of consequence because it would have been barred by the rape shield law."[8] But the Court of Appeals opined that "[b]oth counsel and the [trial] court were mistaken."[9] Relying on *People v Mikula*[10] and *People v Haley*,[11] two nonprecedential cases,[12] the Court of Appeals concluded that "evidence of an alternative explanation for the hymenal changes and source for the chronic anal fissure would have been admissible under the exception to the rape-shield statute, and defense counsel's failure to ask the boyfriend about these issues fell below an objective standard of reasonableness."[13]

Not only did the Court of Appeals fail to accord the proper deference due to defense counsel and the trial court on this sophisticated question of evidentiary law, it also erroneously read into the rape-shield statute an exception that is not supported by the language of the act. MCL 750.520j provides:

> (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
>
> \* \* \*
>
> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

---

[7] *Shaw*, 315 Mich App at ___ (opinion of the Court); slip op at 6.

[8] *Id*. at ___; slip op at 6.

[9] *Id*. at ___; slip op at 6.

[10] *People v Mikula*, 84 Mich App 108, 115 (1978).

[11] *People v Haley*, 153 Mich App 400, 405-406 (1986).

[12] MCR 7.215(J)(1).

[13] *Shaw*, 315 Mich App at ___ (opinion of the Court); slip op at 6.

The Court of Appeals in a published and now binding opinion took the "source of disease" exception and expanded it to include a "source of injury" exception. The plain language of MCL 750.520j(1)(b) excepts only evidence pertaining to "source or origin of semen, pregnancy, or disease." "Source of injury" does not fall within any of these explicit exceptions.

Accordingly, I conclude that the instant case presents a jurisprudentially significant issue that ought to be given greater consideration by this Court. I would grant leave or, at the least, order oral argument on whether to grant the application or take other action.

YOUNG, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 3, 2017



Clerk

s0131