COMMONWEALTH *vs.* ROBERT F. TRENHOLM. December 8, 1982. The defendant appeals from convictions on indictments charging forcible rape and indecent assault and battery of a child. 1. The trial judge correctly refused to let the defendant question members of his family concerning suspicions and accusations previously expressed by his wife concerning

sexual misconduct by the defendant. Defense counsel acknowledged that he intended to question witnesses allegedly involved in the prior acts of misconduct as to the veracity of the accusations, and, as the trial judge observed, the jury would soon have been trying every incident but the one alleged in the indictments. The danger was underscored when it became apparent in a voir dire that the wife was prepared to testify to having witnessed the defendant victimize another child on at least one occasion. *Commonwealth* v. *Bohannon*, 376 Mass. 90 (1978), relied on by the defendant, is distinguishable on its facts, the alleged maker of prior false accusations being there the victim and here the victim's mother, and the accuser's testimony being there "inconsistent and confused" (*id.* at 95) and here essentially consistent and lucid. The *Bohannon* case stands for the proposition that the general rule barring evidence of prior false accusations is "not inflexible" (*id.* at 94) and may yield in unusual fact situations where justice demands. This is not such a situation; rather, it exemplifies those in which the reasons for the general rule are fully applicable and the danger of the trial's focus shifting to collateral issues is great. The judge exercised sound discretion in refusing to permit such a diversion. 2. The judge did not err in excluding the hypothetical question, whether because the evidence did not support the factual predicate (that the defendant had engaged in sex with his wife on the night in question) or because the query was not so remote from common experience that the opinion of an expert would offer material assistance to the jurors. See *Commonwealth* v. *Harris*, 1 Mass. App. Ct. 265, 268, S.C., 364 Mass. 236 (1973). 3. There was no abuse of discretion in permitting the victim, six years old at the time of trial, to use an anatomically correct doll to assist her in giving an anatomical description of the incident on which the indictments were based. See *Everson* v. *Casualty Co. of America*, 208 Mass. 214, 218-221 (1911). 4. The defendant's contention concerning the prosecutor's closing argument and the judge's charge is without merit.

*Judgments affirmed.*

*Wade M. Welch* for the defendant.

*Peter W. Agnes, Jr.*, Assistant District Attorney, for the Commonwealth.