COMMONWEALTH vs. THOMAS E. BLAIR
(and three companion cases[1]).

Plymouth. October 16, 1985. — February 21, 1986.

Present: SMITH, CUTTER, & WARNER, JJ.

*Rape. Evidence,* Impeachment of credibility. *Practice, Criminal,* Impeachment of credibility.

During a voir dire in a rape case to determine the admissibility of evidence that either the complainant or her mother, acting on the complainant's behalf, had previously made false accusations of sexual misconduct against a police officer, the judge did not err in excluding repetitious questions asked by defense counsel; nor did the judge err in terminating the hearing after testimony and the offers of proof made by the defendants failed to show that the defendants had a factual basis from independent third-party records for maintaining that any prior false accusation of sexual "misconduct" had been made. [626-629]

The judge at the trial of a rape case did not abuse his discretion in excluding proffered evidence that either the complainant or her mother, acting on the complainant's behalf, had previously made false accusations of sexual misconduct against a police officer, where the defendants failed to show that the complainant was the source of any prior false accusation of sexual "misconduct". [629]

On appeal from convictions of aggravated rape, the defendants were not entitled to raise any error in the judge's instructions to the jury defining the crime of aggravated rape, where the judge had instructed the jury in accordance with the defendants' view of the elements of aggravated rape and where the defendants had made no objection to this portion of the judge's charge. [630]

At the trial of a rape case, the judge did not err in instructing the jury that any evidence regarding prior instances of sexual conduct between the victim and any of the defendants was relevant only in regard to the issue of consent. [630]

The fact that charges of aggravated rape were based on a theory of a joint enterprise by the four defendants did not require the judge to instruct the jury that a defendant's voluntary intoxication could be considered

[1] The companion cases are against Leslie D. Caldwell, Jr., Richard J. Higgins, and Donald B. Walsh.

by the jury in determining whether that defendant had the necessary intent, where specific intent was not an element of the offense. [630-631]

INDICTMENTS found and returned in the Superior Court Department on April 12, 1983.

The cases were tried before *Robert L. Steadman,* J.

*James L. Sultan* for Donald B. Walsh.

*Catherine E. M. Sullivan* for Leslie D. Caldwell, Jr.

*David J. Luff* for Thomas E. Blair.

*Randolph Gioia* for Richard J. Higgins.

*Robert P. Snell,* Assistant District Attorney, for the Commonwealth.

SMITH, J. As a result of an incident that occurred in February of 1983, Thomas E. Blair, Leslie D. Caldwell, Jr., Richard J. Higgins, and Donald B. Walsh were all convicted on indictments that charged them with aggravated rape. On appeal, they contend that the judge improperly excluded evidence of a prior false allegation of sexual abuse allegedly made by the victim. In addition, they find fault with his instructions to the jury. We affirm the convictions.

In view of the nature of the issues raised by the defendants, it is not necessary for us to outline with particularity the facts that could have been found by the jury. It is sufficient for purposes of our analysis to note that the victim testified that each of the four defendants raped her in a parking lot in Abington. Three of the defendants contended that the victim had consented to the sexual intercourse. The fourth defendant, Walsh, claimed that he had not engaged in any sexual intercourse with the victim because he was too intoxicated.[2]

1. *Alleged prior false accusation of sexual misconduct.* Both Blair and Higgins filed motions requesting a voir dire in regard to the admissibility of certain evidence that either the victim or her mother acting on the victim's behalf had previously made false accusations of sexual misconduct against a police

---

[2] Walsh was the only defendant to testify at the trial. The defense of consent was brought out by the various defendants in their cross-examinations of the victim. She admitted that she previously had sexual intercourse, both natural and unnatural, in the past with three of the defendants.

officer.[3] The other defendants joined in the motions. After considering offers of proof advanced by Blair and Higgins, the judge allowed the defendants to proceed with a voir dire on the issue. Following testimony from the victim and her mother and considering the contents of the offers of proof, the judge terminated the voir dire and ruled that the defendants could not place before the jury evidence that the victim or someone acting on her behalf had made a prior false allegation of sexual misconduct. The defendants argue that the judge committed error during the voir dire when he cut off their questioning of the victim and her mother. They also claim that the judge terminated the hearing prematurely because they had additional evidence to present, in line with their offers of proof, that would show that the victim or her mother acting on her behalf had made prior false accusations. Finally, they contend that because of the judge's ruling excluding the evidence they were prevented from presentation of a full defense. See *Chambers* v. *Mississippi,* 410 U.S. 284, 302 (1973).

Generally, evidence of prior false accusations by a witness has been excluded under the rule that evidence of prior bad acts may not be used to impeach a witness's credibility. *Miller* v. *Curtis,* 158 Mass. 127 (1893). In *Commonwealth* v. *Bohannon,* 376 Mass. 90 (1978), however, the court held that, in view of the special circumstances present in that case, a defendant accused of rape was entitled to place before the jury evidence of prior false accusations of rape made by the victim.[4]

---

[3] The motions also sought the admission of evidence concerning the victim's alleged prior sexual conduct with individuals other than Blair and Higgins. The admissibility of such evidence, as distinguished from the admissibility of prior false accusations of sexual misconduct, is subject to the provisions of G. L. c. 233, § 21B (the rape-shield statute). *Commonwealth* v. *Bohannon,* 376 Mass. 90, 95 (1978). The judge, therefore, was right in holding separate hearings on the admissibility of the different types of evidence.

[4] The special circumstances found in *Bohannon* included: "the witness was the victim in the case on trial, her consent was the central issue, she was the only Commonwealth witness on that issue, her testimony was inconsistent and confused, and there was a basis in independent third-party records for concluding that the prior accusations of the same type of crime had been made and were false." *Commonwealth* v. *Sperrazza,* 379 Mass. 166, 169 (1979).

We hold that under the *Bohannon* decision the judge's action in the instant case was not error.

At the hearing, the victim's mother was called by the defendants as their first witness. She admitted that her daughter had been arrested for shoplifting some time in August or September, 1982, but denied that her daughter had accused any police officer of sexual misconduct during the course of that arrest. The judge excluded similar questions on the subject after she had repeated her answer at least three times.[5]

The victim testified after her mother. After acknowledging that she had indeed been arrested for shoplifting, she denied that she had ever accused the arresting officer of sexual misconduct. She also denied that she ever complained to her mother that she had been sexually abused by any police officer during or after her arrest, or that she had requested her mother to lodge a complaint with a town official accusing a police officer of sexual misconduct. Despite her denials, defense counsel sought to ask the same or similar questions time and again. The judge excluded the questions over the defendants' objections.[6] The record shows that none of the evidence presented by the defendants at the hearing tended to prove in any respect that the victim was the source of any prior false accusation.

The judge's action in terminating the voir dire was not error. There was nothing in any of the various offers of proof[7] which

---

[5] The judge also excluded questions by the defendants as to whether the mother had made a complaint to town officials that her daughter had been sexually mistreated by the police. The judge reasoned that, under the *Bohannon* decision, the defendants had to show that the complaining witness herself made the alleged false claim of sexual misconduct or had someone else make it on her behalf. Considering that the mother had emphatically denied that her daughter had made any complaint of sexual misconduct, and that the defendants did not represent that they were in possession of evidence that the daughter asked the mother to make the complaint, *on the daughter's behalf,* there was no error.

[6] The defendants' claim that the judge improperly cut off their questioning of the victim and her mother is without merit. The record shows that he allowed all the questions that were relevant to the purpose of the voir dire and excluded those questions that were repetitious or immaterial.

[7] Both Blair and Higgins had submitted offers of proof with their motions. In addition, on at least four separate occasions, various offers of proof were

demonstrated that the defendants had competent evidence that would show the presence of the "special circumstances" found in *Bohannon* (see n.4). There was no representation in the various offers of proof "which indicated that [the defendants] had a factual basis from independent third party records for concluding that prior allegations of rape had, in fact, been made and were, in fact, untrue." *Commonwealth* v. *Bohannon, supra* at 95.[8] In addition, a review of the record shows that the victim was not confused in her testimony, as was the victim in *Bohannon.* We conclude that the judge exercised sound discretion in refusing to allow the defendants to place before the jury any evidence of an alleged prior false accusation.

2. *Claim of erroneous jury instructions.* All the defendants claim that the judge committed error in his instructions to the jury on aggravated rape. In addition, Walsh and Higgins object to other portions of the charge.

---

submitted to the judge. The following is a summary of the material points contained in the various offers of proof. After the victim was arrested a complaint was made by the victim's mother to a town official that the arresting officer had sexually abused the victim. The matter was brought before the board of selectmen. At the District Court on the day of the trial on the shoplifting charge, a plea bargain was negotiated between the Commonwealth and the victim. The agreement called for the dismissal of the shoplifting charge against the victim in exchange for a written statement withdrawing all allegations of sexual misconduct against the arresting officer. We note that none of the defendants represented in their offers of proof that the arresting officer would testify at the voir dire that the victim had accused him of sexual misconduct. Rather, it was specifically represented by Higgins that the officer would testify that it was either the victim or her mother that made the accusation against him but that he did not know which one.

[8] In *Bohannon* there was evidence that the victim had made several prior false accusations regarding the same type of crime (rape) that was the subject of that trial. Here, the defendants claimed that the victim had made, in the past, a single false accusation of "sexual abuse," "sexual misconduct" or "sexual encounter." The defendants in the instant case never established the specific conduct that was alleged in the accusation. The defendants, however, specifically represented that the victim had not made a prior false accusation of rape. Therefore, the defendants' presentation here "fell short of suggesting a pattern of similar accusations . . . [unlike] the offer of proof in the *Bohannon* case." *Commonwealth* v. *Doe,* 8 Mass. App. Ct. 297, 302 (1979).

(a) *Instructions on aggravated rape*. The defendants contend that in view of the language in G. L. c. 265, § 22(*a*),[9] as appearing in St. 1980, c. 459, § 6, defining the crime of aggravated rape, the judge's charge on that crime was erroneous.

A review of the judge's instructions shows that the judge, whether he was correct or not in his interpretation of the aggravated rape statute, instructed the jury in accordance with the defendants' view of the elements of aggravated rape. Moreover, there was no objection from any of the defendants to this portion of the judge's charge. "Since the instruction did not harm the defendant[s] and was not challenged it 'became the law of the case by which the jury properly could be governed.'" *Commonwealth* v. *Graves*. 363 Mass. 868 (1973), quoting from *Commonwealth* v. *Peach,* 239 Mass. 575, 581 (1921). Also see *Commonwealth* v. *Hennessey,* 17 Mass. App. Ct. 160, 165 (1983).

(b) *Instruction concerning use of evidence of prior sexual relations between the parties*. Higgins contends that the judge's instructions as to the probative value of the evidence that the victim had prior sexual relations with three of the four defendants were erroneous. In his instructions, the judge informed the jury that any evidence regarding prior instances of sexual conduct between the victim and a particular defendant was relevant only in regard to the issue of consent. The instruction was in accord with the holding in *Commonwealth* v. *Grieco,* 386 Mass. 484, 487-491 (1982). The judge was also even-handed in his admonition to the jury that the life-styles of the victim or the defendants were not to be considered by them. There was no error.

(c) *Instruction on voluntary intoxication*. The victim testified that Walsh forced her to perform an act of unnatural sexual

---

[9] General Laws c. 265, § 22(*a*), reads in part: "Whoever has sexual intercourse or unnatural sexual intercourse with a person, and compels such person to submit by force and against his will, or compels such person to submit by threat of bodily injury and if either such sexual intercourse or unnatural sexual intercourse results in or is committed with acts resulting in serious bodily injury, or is committed by a joint enterprise, . . . shall be punished . . . ."

intercourse with him. Walsh denied penetration, claiming that he was too intoxicated to have an erection. The judge charged the jury that voluntary intoxication could not be used as an excuse or justification for the crime charged. After the completion of the instructions, Walsh's attorney requested, in a rambling way, that the judge instruct the jury that intoxication could be used by the jury to determine if Walsh had the necessary *intent* to commit aggravated rape. The judge refused to instruct the jury in accordance with that request. There was no error.

The defendant bases his claim on *Commonwealth* v. *Henson,* 394 Mass. 584 (1985). In *Henson* the court stated that "where proof of a crime requires proof of a specific criminal intent and there is evidence tending to show that the defendant was under the influence of alcohol or some other drug at the time of the crime, the judge should instruct the jury, if requested, that they may consider evidence of the defendant's intoxication at the time of the crime in deciding whether the Commonwealth has proved that specific intent beyond a reasonable doubt." *Id*. at 593. The flaw in the defendant's argument is that the Commonwealth is not required to prove specific intent in order to convict a defendant of aggravated rape. *Commonwealth* v. *Grant,* 391 Mass. 645, 649-650 (1984). See *Commonwealth* v. *Lefkowitz,* 20 Mass. App. Ct. 513, 518 n.11 (1985). The fact that the aggravated rape in the instant case was based on a theory of joint enterprise did not require that the judge give the *Henson* instruction.

*Judgments affirmed.*