## COMMONWEALTH vs. ROGER D. HICKS.

Worcester. October 14, 1986. — February 13, 1987.

Present: ARMSTRONG, QUIRICO, & DREBEN, JJ.

*Rape. Evidence,* Impeachment of credibility, Cross-examination, Offer of proof. *Witness,* Credibility, Impeachment.

At a rape trial, during which separate voir dires were conducted concerning two allegedly false accusations of sexual misconduct previously made by the complainant against others, the judge acted within his discretion in refusing to permit cross-examination of the complainant about such prior accusations where the complainant's testimony that she was raped by the defendant was not confused, nor was she the sole Commonwealth witness to the acts of the defendant; where the prior accusation did not constitute a series or pattern of false accusations of the specific crime which was the subject of the defendant's trial; and where the defendant's offer of proof as to falsity neither showed that he had a factual basis from independent third-party records for concluding that any prior false accusation of rape had been made, nor provided evidence of similar probative force to warrant cross-examination before the jury. [488-492]

At a rape trial, there was no substantial risk of a miscarriage of justice in the judge's refusing to permit cross-examination of the complainant about prior false accusations of sexual misconduct made by her against others to show her motive or that she was biased against the defendant, where the evidence did not warrant a conclusion that the allegations were·false, and where the record did not show that precluding such examination infringed upon the defendant's right to show motive or bias. [492-493]

INDICTMENTS found and returned in the Superior Court Department on April 4, 1985.

The cases were tried before *Herbert F. Travers, Jr.,* J.

*Jane Larmon White,* Committee for Public Counsel Services, for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant was convicted on indictments for natural and unnatural sexual intercourse with a child. The defendant is the former husband of the child's mother. Citing *Commonwealth* v. *Bohannon,* 376 Mass. 90, 95 (1978) (*Bohannon I*), *S.C.,* 385 Mass. 733 (1982), he claims error in the refusal of the trial judge to permit him to cross-examine the victim about two allegedly false accusations made by her against others. We affirm.

The judge held separate hearings concerning the two allegedly false allegations. The first hearing concerned events which took place in March, 1985. When questioned by a State trooper after she had run away from her foster home, the victim told the officer that her "boyfriend jumped" her. As explained by her, this meant that he "tried to beat me up." She also told the trooper that she lived in Southbridge (she lived in Warren) and, as a result, he took her to a friend's house in that town. She testified at the voir dire that the next day the trooper asked her why she had lied to him "about this" and that she had told him "it was because [she was] scared, because [she] didn't want to get in trouble as a runaway the night before . . . ."[1]

The second voir dire involved allegations by the vicitm of indecent assault and battery against her mother's current boyfriend which had been made by the victim at the same time that she made the accusations charging the defendant with rape. The indecent assault and battery allegations were made to a police officer on January 31, 1985, another occasion on which the victim had been picked up as a runaway. When asked at the voir dire why she had later dropped charges against her mother's boyfriend, she testified that although the charges were true, she had dropped them "because I didn't want to hurt my mother any more than I was, and I didn't feel like going through this twice."

In order to assess the correctness of the trial judge's ruling that cross-examination concerning the two sets of allegations

---

[1] We assume that the admission of the victim that her story to the police was false included the allegations of wrongdoing on the part of her boyfriend as well as the false statement about her place of residence. The testimony is not clear on this point.

was not permitted and that *Bohannon I* did not here apply, we turn to that case. There, the complainant, the sole Commonwealth witness on the issue of consent, was a woman with an I.Q. of 63 who, when confronted with her inconsistent stories as to whether Bohannon had raped her, explained that "she had recently seen 'in a mist' that Bohannon had penetrated her." 376 Mass. at 91. She had also told inconsistent stories as to whether a companion of the defendant had raped her. When the victim was examined after the alleged rapes, no evidence of sperm was found. The defendant sought permission to ask the complainant whether she had made prior accusations of rape and, if so, how many times. The defendant's counsel "made an offer of proof that, according to hospital records, the complainant had made a number of unsubstantiated, and apparently false, accusations of rape, . . . the specific crime which [was] the subject of the trial." 376 Mass. at 93, 95. The Supreme Judicial Court held that it was error not to allow the questions, noting that the defendant's offer of proof indicated that he had a "factual basis from independent third party records" for the inquiry. *Id.* at 95.

As *Bohannon I* and later authorities indicate, the exception to the general rule barring evidence of prior false accusations is a narrow one. *Bohannon I* involved "special circumstances," *Commonwealth* v. *Sperrazza*, 379 Mass. 166, 169 (1979);[2] *Commonwealth* v. *Blair*, 21 Mass. App. Ct. 625, 629 (1986), and is applicable only in "unusual fact situations where justice demands." *Commonwealth* v. *Trenholm*, 14 Mass. App. Ct. 1038, 1039 (1982).

There are no such special circumstances here. The victim's testimony that she was raped by the defendant was not confused,[3]

---

[2] The circumstances of *Bohannon I* were described in *Commonwealth* v. *Sperrazza, supra* at 169, as: "the witness was the victim in the case on trial, her consent was the central issue, she was the only Commonwealth witness on that issue, her testimony was inconsistent and confused, and there was a basis in independent third-party records for concluding that the prior accusations of the same type of crime had been made and were false."

[3] That the victim, who was between eight and nine years old at the time of the first unnatural rape, was always able to pinpoint the exact occasions

and she was not the sole Commonwealth witness to the acts of the defendant.[4] More important there was not here a series or pattern of false accusations of the "specific crime which is the subject of the trial." *Bohannon I,* at 95. See *Commonwealth v. Doe,* 8 Mass. App. Ct. 297, 302 (1979); *Commonwealth v. Blair,* 21 Mass. App. Ct. at 629 n.8; 3A Wigmore, Evidence § 963 (Chadbourn rev. 1970). The March incident ("my boyfriend jumped," i.e., beat me) was totally different, and the judge was clearly correct in determining that cross-examination as to allegations concerning that occurrence was not within *Bohannon I.* The allegation of sexual misconduct against a single individual, the mother's current boyfriend, "fell short of suggesting [the] pattern of similar accusations" in *Bohannon I. Commonwealth v. Doe,* 8 Mass. App. Ct. at 302. *People v. Mandel,* 48 N.Y.2d 952, 953 (1979), cert. denied and appeal dismissed, 446 U.S. 949 (1980).

For the *Bohannon I* rule to apply there also has to be evidence warranting a finding of falsity. Otherwise, the allegations against the mother's boyfriend would be irrelevant to any issue in the case. *Commonwealth v. Sherry,* 386 Mass. 682, 692 (1982). See *Commonwealth v. Doe,* 8 Mass. App. Ct. at 301-302; *Commonwealth v. Lefkowitz,* 20 Mass. App. Ct. 513, 514-516 (1985). The judge acted within his discretion in ruling that the offer of proof submitted by defense counsel at the hearing was insufficient to permit cross-examination of the victim concerning the accusation of sexual misconduct against the mother's boyfriend. The offer of proof as to falsity was four-fold: (1) charges against the mother's boyfriend were dropped at the request of the victim; (2) notations in a social worker's report indicated that the victim's mother had told the social worker that the charges were dropped because the victim

of various acts by the defendant is not unusual. See, e.g., *Commonwealth v. King,* 387 Mass. 464, 468-469 (1982); *Commonwealth v. Atkinson,* 15 Mass. App. Ct. 200, 203 (1983). This is quite different from the confusion apparent in *Bohannon I.*

[4] Not only was the victim's testimony corroborated by fresh complaint evidence of her mother and a girlfriend, but the girlfriend testified that she saw that "he [the defendant] had her on the floor and he was going up her shirt."

admitted that she had made the accusations because "she was just mad"; (3) the mother's boyfriend denied at the voir dire that he had sexually touched the complainant; and (4) the foster mother told defense counsel on the telephone that the victim had recanted.

The judge did not abuse his discretion in determining that the offer of proof as to falsity did not present a "factual basis from independent third party records," *Bohannon I,* 376 Mass. at 95, or provide evidence of similar probative force to warrant cross-examination in front of a jury. See generally Galvin, Shielding Rape Victims in the State and Federal Courts: A Proposal for the Second Decade, 70 Minn. L. Rev. 763, 861 (1986).

Each of the four items could, on this threshold determination,[5] be rejected by the judge. (1) Charges: that charges were dropped is not a sufficient basis for inferring that they were false. Cf. *Commonwealth* v. *Blair,* 21 Mass. App. Ct. at 628 n.7. (2) Social worker's report: the social worker's report was effectively undercut by information from the source on which it rested, that is, the victim's mother. Both counsel reported to the judge the substance of a conversation with the victim's mother during a recess in which she denied that she had told the social worker that her daughter had recanted. (3) Testimony of mother's boyfriend: the mother's boyfriend's testimony was clearly self-serving, and his denial that the incidents had occurred is not the "independent third party record" which *Bohannon I* suggests creates a factual basis for cross-examination. Such evidence to show falsity of other accusations is generally rejected. See, e.g., *Hughes* v. *Raines,* 641 F.2d 790, 792-793 (9th Cir. 1981); *State* v. *Anderson,* 211 Mont. 272, 285-286 (1984); *State* v. *Kringstad,* 353 N.W.2d 302, 311 (N.D. 1984). (4) Foster mother: although defense counsel attempted to produce the foster mother as a witness, all he could offer was his

---

[5] We do not suggest that the judge is to determine whether, in fact, the allegations were false. Rather, he is to decide, as a preliminary matter, whether there is enough evidence, if believed, to support a conclusion that there was a prior false accusation by the complainant against someone other than the defendant. Cf. *Commonwealth* v. *Robinson,* 146 Mass. 571, 580-581 (1888); Liacos, Massachusetts Evidence 75-76 (5th ed. 1981).

report of his telephone conversation with her. The judge could well determine that this evidence was too remote.

While counsel had what to *him* was good faith reason to seek inquiry, the judge acted within his discretion in rejecting the offer of proof as insufficient to merit further inquiry. See *Hughes* v. *Raines,* 641 F.2d at 792; *People* v. *Mandel,* 48 N.Y.2d at 953-954 (for a fuller description of the material held in *Mandel* to be insufficient to warrant cross-examination, see the dissenting opinion of Martuscello, J., in the Appellate Division, 61 A.D.2d at 584-585 [1978]); *State* v. *Kringstad,* 353 N.W.2d at 311; Proposed Mass.R.Evid. 608(*b*). But see *State* v. *Nab,* 245 Or. 454, 460 (1966). The judge could also have concluded that the proposed examination would involve a trial of collateral matters, that is, the sexual acts of the victim with one other than the defendant. See *Commonwealth* v. *Trenholm,* 14 Mass. App. Ct. at 1039.

Intertwined with the *Bohannon* argument which attacked the victim's credibility is defense counsel's claim on appeal that cross-examination concerning the victim's accusations against the mother's boyfriend would be relevant to show motive. See *Bohannon I,* 376 Mass. at 93 n.3. Not only did the defendant not raise this issue at trial, but, here again, the questions were pertinent only if there was threshold evidence warranting a conclusion that the allegations were false. *Commonwealth* v. *Sherry,* 386 Mass. at 692. *Commonwealth* v. *Lefkowitz,* 20 Mass. App. Ct. at 515. In addition, the proposed questions as to the mother's boyfriend were more than "remotely connected with sexual conduct," see *Bohannon I,* 376 Mass. at 95, and, as the cases indicate, were to be avoided if exclusion did not unduly infringe upon the defendant's right to show motive or bias. See *Commonwealth* v. *Frey,* 390 Mass. 245, 251 (1983).

The record shows no such infringement. The defendant wanted to show that the victim, when taken into custody after running away from home, invented the accusations against the defendant and others in order to avoid any untoward action being taken against her for her misbehavior. Ample evidence of the complainant's motive to lie when she was found by the

police was presented to the jury. The defendant brought forth the victim's history of running away, her encounters with the police, her court appearance after running away and her desire to live away from home. He also elicited testimony from the victim's former social worker that the victim's reputation for truth and veracity was poor. While the false accusation against the victim's own boyfriend would have been a permissible subject of cross-examination to show motive, counsel did not clearly indicate this basis to the judge, but, rather, at trial laid stress on *Bohannon I*. In view of the cumulative nature of the inquiry, there was here no miscarriage of justice.

*Judgments affirmed.*