COMMONWEALTH *vs.* DONNA PYNE.

No. 92-P-1012.

Norfolk. January 20, 1993. - July 23, 1993.

Present: KASS, SMITH. & PORADA. JJ.

*Rape. Evidence*, Sexual conduct, Bias. *Witness*, Bias, Credibility. *Practice, Criminal*, Voir dire, Continuance.

At the trial of indictments charging sex offenses, the judge acted within his discretion in excluding proffered evidence intended to show that the alleged victim, a thirteen year old boy who was age fifteen at the time of trial, had acquired certain knowledge through prior experience, rather than through the sexual acts he claimed he had committed with the defendant, where his trial testimony displayed no extraordinary sexual knowledge. [37-38]

At the trial of indictments charging sex offenses, the judge acted within his discretion in excluding proffered evidence, as ultimately bearing on the issue of bias, that the alleged victim had learned to manipulate others by falsely alleging sexual abuse. [38]

Where, during the trial of indictments charging sexual offenses, defense counsel acquired information indicating that the alleged victim and his mother had falsely accused a prospective defense witness of rape, it was error in the circumstances for the judge to deny defense counsel's request for a brief continuance or a voir dire; on remand, the defendant was to be granted a new trial if, after an evidentiary hearing, the judge found that the accusation had been made and that it was apparently false. [38-41]

INDICTMENTS found and returned in the Superior Court Department on October 17, 1990.

The cases were tried before *Andrew G. Meyer*, J.

*M. Page Kelley*, Committee for Public Counsel Services, for the defendant.

*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.

KASS, J. There was evidence entitling the jury to find that for a six-month period (December, 1988, to May, 1989)

Claude,[1] a thirteen year old boy, engaged in sexual intercourse with the defendant Donna Pyne, who at the time was twenty-nine. In her appeal from convictions of statutory rape (G. L. c. 265, § 23) and indecent assault and battery upon a child under age fourteen (G. L. c. 265, § 13B), the defendant protests the exclusion of evidence of the boy's: (1) prior sexual knowledge; (2) an inclination to complain of sexual abuse, induced by "learned behavior"; and (3) prior false allegation of sexual relations with an adult woman. Of the three points, the last is most cogent. We consider first the lesser points.

1. *Evidence of prior knowledge of sexual matters.* By the time of the alleged liaison with the defendant, the boy Claude had been involved in sufficiently significant dysfunctional conduct so as to have become a familiar constituent of the Department of Youth Services and the Department of Social Services. Defense counsel offered evidence of sexual abuse of Claude and his siblings to demonstrate that he had come by his personal knowledge of physical sexual relations through prior experience, rather than through the acts he claimed had occurred with the defendant Pyne. See *Commonwealth* v. *Ruffen,* 399 Mass. 811, 814-816 (1987); Annot., Admissibility of Evidence That Juvenile Prosecuting Witness in Sex Offense Case Had Prior Sexual Experience for Purposes of Showing Alternative Source of Child's Ability to Describe Sex Acts, 83 A.L.R.4th 685 (1991).

Claude's testimony, however, had not displayed a prodigy of sexual arcana. He spoke of "normal sex" and an episode of "oral sex"; the latter he described in rudimentary fashion and said he did not like. When questions from lawyers included the words "penis" and "vagina," Claude understood them. That hardly displayed knowledge that was "extraordinary" or "beyond the years" of a boy who was fifteen at the time of trial. The trial judge was well within his discretion in excluding evidence of Claude's prior sexual experiences for that purpose. *Commonwealth* v. *Rathburn,* 26 Mass. App.

---

[1]A fictitious name.

Ct. 699, 706-708 (1988). *Commonwealth* v. *Gauthier*, 32
Mass. App. Ct. 130, 133-134 (1992). Compare *Common-
wealth* v. *Redgate*, 25 Mass. App. Ct. 965, 968 (1988) (vic-
tim age five).

2. *Allegations of sexual abuse to manipulate events as
learned behavior of the accuser.* Here the defense theory was
that, from having witnessed allegations of abuse by his
mother against a variety of authority figures in his life and
allegations of abuse made by the Department of Social Ser-
vices against his own parents, Claude had learned that the
very act of alleging sexual abuse had the power to manipu-
late and greatly influence those around him. Ultimately this
was to bear on the bias of Claude against the defendant.

Of that bias, however, there was no lack of evidence.
There was, for example, evidence that Claude had broken
down the defendant's door in an act of jealous anger, that he
had physically attacked the defendant, that she had com-
plained against him, and that he had stated that criminal
charges against him had been dropped because he had
pressed counter charges against the defendant. When other
evidence of bias is available, evidence of a complainant's
prior sexual history should not be admitted. *Commonwealth*
v. *Elder*, 389 Mass. 743, 751 & nn. 11, 12 (1983). Of
course, the defendant's point is that Claude's observations of
charges of sexual abuse and their consequences explain what
might otherwise be thought a complaint too bizarre for a boy
barely into his teens — unless he had experienced the events.

Yet, a trial judge might reasonably be leery of side trips
into sexual conduct, not only of the complainant but also of
members of his family, particularly when there was no asser-
tion that the defense was prepared to prove that the prior
allegations of sexual abuse had been shown to be false. See
*Commonwealth* v. *Bohannon*, 376 Mass. 90, 95 (1978), *S.C.*,
385 Mass. 733 (1982); *Commonwealth* v. *Blair*, 21 Mass.
App. Ct. 625, 629 (1986). The judge acted within the scope
of his discretion to determine the relevance of proffered
evidence.

3. *Evidence of prior false allegation.* On the morning of
the third day of trial, before the jury entered the courtroom,
defense counsel informed the judge that Debbie Doe,[2] whom
he had listed as a potential witness, had just informed him
that morning that Claude and his mother had accused Doe
of rape, i.e., that sexual intercourse between her and Claude
had occurred. Defense counsel represented that the informa-
tion had been confirmed by the lawyer who had represented
Doe at a magistrate's hearing. Why had this only now come
to light? Doe had been threatened not to say anything, ac-
cording to defense counsel, and had previously been afraid to
talk to him, although he had attempted to interview her.
Who had made the threats was not explained.

An ensuing colloquy between defense counsel and the trial
judge was a curious dialog between actors bent on misunder-
standing one another. What comes through unmistakably,
however, is that defense counsel thought he was on the trail
of evidence of a prior false allegation of rape by Claude in
circumstances similar to those involving the defendant, i.e.,
an adult woman who lived in the neighborhood and with
whom Claude and his mother were involved with charges of
misconduct. Defense counsel asked to be permitted to con-
duct a voir dire examination of Doe and Claude to probe
whether the accusation had been made, whether it had been
withdrawn, and, if so, in what circumstances. If voir dire ex-
aminations were not to be allowed, defense counsel requested
a brief continuance so that he might further investigate what
he had just learned. The judge denied both requests.

That denial was error. As we have indicated, if Claude
had made a false claim of having engaged in sexual inter-
course with Doe, it would bear on the credibility of what he
had testified to about his sexual relations with the defendant.
See *Commonwealth* v. *Bohannon,* 376 Mass. at 95. To be
sure, the grant or denial of a continuance rests within the
sound discretion of the judge, and a lack of diligence on the
part of counsel should not be indulged. See *Commonwealth*

---

[2] A fictitious name.

v. *Bettencourt,* 361 Mass. 515, 517-518 (1972); *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 52 (1976). Nothing appears in the record which warrants skepticism about defense counsel's assertion that the information was new to him and, indeed, still ill formed, and that prior efforts to talk to the witness involved had been thwarted. In the circumstances, the refusal to allow a voir dire or, in the alternative, some limited time to check out the witness's story was a shortsighted insistence on expedition. See *Ungar* v. *Sarafite,* 376 U.S. 575, 589 (1964); *Commonwealth* v. *Smith,* 353 Mass. 442, 445 (1968). Compare *Commonwealth* v. *Blair,* 21 Mass. App. Ct. at 626-629, in which the judge did conduct a voir dire on proffered evidence of a prior false complaint by a woman and her mother, but cut off inquiry on the subject when he was able to determine that the inquiry was not going anywhere.

As things now stand, neither Doe, Claude, nor Claude's mother has been questioned about a prior charge amounting to a complaint of rape. We are reluctant to require a new trial when, thus far, there has been only a smoke signal that an allegation of statutory rape had been made against Doe and that the allegation came to nothing. In this peculiar setting, we affirm the judgments of conviction. At the same time, we think the defendant is entitled to an evidentiary hearing on a motion for a new trial to determine whether Claude and his mother made a charge against Doe that she had engaged in sexual intercourse with Claude, what became of that charge, and whether the charge was apparently false. The case is remanded to the Superior Court for such a hearing. If the judge who conducts the hearing determines that a charge of rape was made against Doe by Claude and his mother which was probably false, the motion shall be granted and, in the event of a new trial, the defendant shall be permitted to introduce evidence of the false complaint. If the hearing judge determines that the charge against Doe as regards Claude was true or that no substantial case for its falsity had been made, then the motion shall be denied. See *Commonwealth* v. *Figueroa,* 413 Mass. 193, 203-204 (1992);

*Commonwealth* v. *Santiago*, 30 Mass. App. Ct. 207, 224-225 (1991).

The judgments are affirmed, subject to further proceedings as directed.

*So ordered.*