COMMONWEALTH *vs.* THOMAS WISE. No. 94-P-319. October 6, 1995. *Child Abuse. Evidence,* Failure to prosecute, Other offense, Cross-examination, Corroborative evidence, Medical record.

All told, six children testified that the defendant, Thomas Wise, had molested them sexually. He was found guilty by a jury of multiple indictments of rape and abuse of a child without force, lascivious acts on a child under sixteen years, crimes against nature, one indictment of assault and battery by means of a dangerous weapon, and, for good measure, two indictments of cruelty to animals.[1] A judge of the Superior Court imposed sentences requiring seventy-two years of prison time. The appeal asserts error in: (1) the exclusion of evidence of complaints of sexual abuse made by three of the child witnesses against two other men; and (2) the inclusion of certain testimony by mothers of the victims and the inclusion of certain medical records. We affirm.

1) *Exclusion of evidence of other accusations claimed to be false.* Four children (two girls and two boys) of the defendant testified that their father had involved them in acts of fellatio, digital, and penile penetration, and acts involving the family dog and cat. Two friends of theirs (two boys) gave testimony of sexual molestation that had been visited upon them by the defendant. The defendant sought to inquire into complaints that three of his children had made about sexual abuse by two mentally retarded men who had lived next door to them in Reading. Although the children had not retracted those complaints, the authorities had not initiated a prosecution based on them. The defense position was that failure to prosecute was so indicative of the falsity of the complaints that the defense was entitled to inquire into them under the principle articulated in *Commonwealth* v. *Bohannon,* 376 Mass. 90, 93-95 (1978), *S.C.,* 385 Mass. 733 (1982). That decision carved an exception to the general inadmissibility of other accusations of sexual misconduct made by a victim witness if there was an offer of proof of evidence that an accusation made at another time had been false. The exception, however, is a narrow one. See *Commonwealth* v. *Sperrazza,* 379 Mass. 166, 169 (1979); *Commonwealth* v. *Hicks,* 23 Mass. App. Ct. 487, 489 (1987); *Commonwealth* v. *Rathburn,* 26 Mass. App. Ct. 699, 710 (1988); *Commonwealth* v. *Nichols,* 37 Mass. App. Ct. 332, 335 (1994), and cases cited. The false accusation may be prior to or later than the accusation that is being tried, but the collateral false one must have been made close in time to the primary one. *Id.* at 335-336.

---

[1] These convictions were placed on file without objection from the defendant.

To open the gate to cross-examination, the evidence of falsity of an accusation must be solid, as when the accusing witness has recanted the other allegation. See *Commonwealth* v. *Bohannon*, 376 Mass. at 91; *Commonwealth* v. *Nichols*, 37 Mass. App. Ct. at 334. Whether evidence of false accusation has sufficient weight to be the basis of a line of cross-examination of the victim witness is a question about which the trial judge has discretion (to be soundly exercised). See *Commonwealth* v. *Hicks*, 23 Mass. App. Ct. at 491; *Commonwealth* v. *Rathburn*, 26 Mass. App. Ct. at 710-711. When, as here, the victim witness has not recanted, the circumstance that charges were not pressed is an insufficient basis for inferring that they were false. *Commonwealth* v. *Hicks*, 23 Mass. App. Ct. at 491. The judge did not abuse his discretion in denying defense counsel the right to cross-examine those of the defendant's children who had made them about their accusations against the two neighbors. Parenthetically, one of the defendant's children had made and then recanted an earlier charge of sexual abuse by the defendant, and the judge permitted cross-examination about that earlier claim of molestation.

2. *Admission of testimony by mothers about the physical condition of the victims and of medical records.* During the course of their testimony, the mother of the defendant's children and the mother of their friends testified that their children suffered from inflamed anuses, penises, or vaginas and apparent pain in moving their bowels to a degree that was sufficiently disturbing so that each of the mothers sought medical advice. The defense attack on that testimony of the children had been that it was fabricated. To corroborate the stories of the children, the government offered observations of the mothers about the physical condition of their children. The testimony of the mothers permitted the jury to draw an inference that abrasive contact with the children's genitalia and anuses had occurred. The defense insisted that the observations of the parents ought not to be received in the absence of expert evidence to interpret their statements. What a witness observes, however, may generally be received and whether that supports what the party offering it seeks to prove depends on the weight the finder of fact wishes to ascribe to the uninterpreted evidence. See *Olson* v. *Ela*, 8 Mass. App. Ct. 165, 167 (1979). To shore up the testimony of the mothers — challenged by the defense as contrived and possibly vengeful — that the children did, indeed, suffer from rashes, irritation, and soreness, the Commonwealth offered the children's medical records. The defense objected that the records ought not to be received without an expert to interpret them and that it was unfair to leave to the jury what might have caused the children's inflamed vaginas, penises, anuses, and so forth. The trial judge ruled that the medical records might be received in evidence and invited the defense to bring forward, when trial resumed the following Monday, a doctor whose testimony might suggest to the jury that the medical records had very little to say about whether the children had suffered sexual molestation. The defendant did not present such an expert.

Determining whether evidence is relevant is another example of a decision left to the sound discretion of the trial judge, and the judge's resolution is respected by an appellate court in the absence of palpable error. *Commonwealth* v. *Young*, 382 Mass. 448, 462-463 (1981). *Commonwealth* v. *Marangiello*, 410 Mass. 452, 456 (1991). *Commonwealth* v. *Souza*, ante 103, 108 (1995). We think the judge could reasonably admit the mothers' observations as tending to corroborate the children's testimony and the medical records as corroborative of what the mothers had testified to about the physical conditions their respective children had exhibited. The records, except for one, were not prejudicial or suggestive on the subject of sexual abuse. The subject was not mentioned. In the main, the records dealt with routine childhood complaints, such as ear infections and, in all events, expressed no opinions that the children were being abused. The exception involves a female child of the defendant, as to whom there was admitted a record that included the notation, "here for molestation rape evaluation," and an accompanying sheet that was headed, "Record of Possible Sexual Assault." No opinion was expressed by any medical caretaker, however, about whether a sexual assault occurred. Such sparely historical records are admissible under cases such as *Commonwealth* v. *Concepcion*, 362 Mass. 653, 655-656 (1972), and *Commonwealth* v. *McNickles*, 22 Mass. App. Ct. 114, 123-124 (1986). There was no error.

*Judgments affirmed.*

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.

*Eric Neyman*, Assistant District Attorney, for the Commonwealth.