COMMONWEALTH *vs.* VINCENT BRESCIA. No. 02-P-1454. June 22, 2004. *Indecent Assault and Battery. Evidence,* Impeachment of credibility. *Witness,* Credibility. *Constitutional Law,* Self-incrimination.

Upon the defendant's conviction on one count of indecent assault and battery on a person who had attained the age of fourteen years, see G. L. c. 265, § 13H, the judge sentenced him to six months' incarceration, thirty days to be

served, the balance suspended for one year with probation, the terms of which ordered that he participate in a sex offender treatment program. The defendant argues on appeal that (1) the judge erred in denying his motions for information pertaining to any false allegations of a sexual assault made by the victim; and (2) his mandated participation in a treatment program requires him to accept responsibility for the offense of which he was convicted in violation of his right against self-incrimination. Because there is nothing in the record to support either of these claims, we affirm the judgment.

1. *Background.* A recitation of the evidence supporting the defendant's conviction is unnecessary. It is enough to state that several months prior to trial the defendant filed two motions seeking to discover whether the victim previously had made any complaint of a sexual assault against a person other than the defendant. These motions were denied, and the defendant proceeded to trial. As just recited, his conviction resulted in a sentence of six months' incarceration, thirty days to be served, the balance suspended for one year with probation, the terms of which are challenged on this appeal.

2. *Prior allegations of sexual assaults.* The record before us shows that the defendant's discovery motions were supported only by defense counsel's unadorned assertion that she held a "good faith belief" that such allegations had been made. This assertion falls far short of the showing required under *Commonwealth v. Bohannon,* 376 Mass. 90, 95 (1978). See *Commonwealth v. Scanlon,* 412 Mass. 664, 676 (1992); *Commonwealth v. Hrycenko,* 417 Mass. 309, 319 (1994). We see no error in the judge's denial of the motions. See *Commonwealth v. Hicks,* 23 Mass. App. Ct. 487, 491 n.5 (1987) (judge "is to decide, as a preliminary matter, whether there is enough evidence, if believed, to support a conclusion that there was a prior false accusation by the complainant against someone other than the defendant").

3. *Claim of violation of right against self-incrimination.* The defendant has failed to provide any support for the proposition that his participation in a treatment program will require him to incriminate himself. Contrast *Mace v. Amestoy,* 765 F. Supp. 847, 851 (D. Vt. 1991) (violation of rights under Fifth Amendment to United States Constitution where probation officer informed defendant that refusal to admit to sexual intercourse with victim was violation of conditions of probation). Nor is there anything in the record showing that any such program is administered by the Commonwealth. Cf. *Commonwealth v. Delisle,* 440 Mass. 137, 139, 143-144 (2003) (Fifth Amendment privilege not implicated by requirements of private nonprofit corporation's program for batterers).

Moreover, even were his participation in a treatment program conditioned upon his acceptance of responsibility for the offense of which he was convicted, there is nothing in the record before us to show that any refusal would result automatically in the revocation of his probation. That is a decision to be left to a judge rather than to a treatment program administrator or probation officer. See *Commonwealth v. Delisle,* 440 Mass. at 145.

In claiming that the terms of his probation violated his right against self-incrimination, the defendant does not claim that art. 12 of the Declaration of Rights of the Massachusetts Constitution afforded him greater protection than the Fifth Amendment to the United States Constitution. In the circumstances presented on the record before us, that is, where the defendant has not shown or alleged that his probation has been revoked or that he faces a surrender hearing based on any refusal to make possibly incriminating statements, we

Rescript Opinions.

conclude that the principles enunciated and discussed in *Commonwealth* v. *Delisle*, 440 Mass. at 143-145, are applicable to and control the outcome of the defendant's claim on his direct appeal.

*Judgment affirmed.*

*William W. Adams* for the defendant.

*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.