SUPERIOR COURT 
 
 COMMONWEALTH v. DANIEL NASH

 
 Docket:
 2014-00213
 
 
 Dates:
 November 15, 2018
 
 
 Present:
 Robert B. Gordon, Justice of the Superior Court
 
 
 County:
 PLYMOUTH
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO ADMIT EVIDENCE OF COMPLAINING WITNESS'S CONDUCT 
 
 

 The Defendant has moved in limine
to admit evidence of two instances of prior conduct allegedly engaged in by the
putative victim in this case, Heather White. The first involves an episode in
which Ms. White is alleged to have made a false accusation of rape in
connection with a consensual "threesome" she engaged in back in 2003.
The second involves an instance in which Ms. White is alleged to have feigned
unconsciousness in response to a crying toddler, until she overheard a 911 call
placed to address the matter as an emergency. Both items of evidence are
offered by the Defendant to suggest that Ms. White is fabricating her present
charge, viz., that Mr. Nash raped her while she was unconscious and thus
incapable of consent. For the reasons which follow, the Defendant's motion shall
be DENIED. PRIOR ACCUSATION OF RAPE Regarding the first matter, the
Court does not find that this case fits the narrow paradigm -1- identified in Commonwealth v. Bohannon, 376 Mass. 90, 94‑95
(1978), in which the SJC held that evidence of an alleged victim's prior false
accusations of rape may ‑ in exceptional circumstances ‑ be admitted to impeach
her credibility. First, there is no evidence of any pattern of mendacious
accusation on the part of Ms. White, as post‑Bohannon cases have suggested is
required. See, e.g., Commonwealth v. Talbot, 444 Mass. 586, 591 (2005)
("the context in which the statement was made does not establish the
necessary 'crying wolf pattern to the allegations"); Commonwealth v.
Lavelle, 414 Mass. 146, 152 (same). Under the Bohannon exception to the general
rule against admission of prior bad acts evidence, "the defendant is
entitled to cross‑examine the alleged victim about a pattern of false
accusations or 'crying wolf=
when ... there is independent evidence of such a pattern, the false allegations
all pertain to the type of crime which is the subject of the trial, and the
evidence would significantly touch a central issue of the trial. Absent such a
pattern, the exception does not apply." Commonwealth v. Lavelle, 414 Mass.
at 152 n.4. Here, there is, at most, an isolated episode in which the
complainant was involved in a sexual encounter with two other persons. The
encounter was rife with ambiguity and confusion, and led the complainant to
accuse one of her partners of sexual assault. Whether true or false, a single
accusation of rape does not a pattern make for purposes of Bohannon. See, e.g.,
Commonwealth v. Hicks, 23 Mass. App. Ct. 487, 490 (1987) (one false allegation
of assault by boyfriend does not suggest a pattern of false accusations of
sexual misconduct); Commonwealth v. Blair, 21 Mass. App. Ct. 625, 629 n.8
(1986) (single, unsupported accusation of rape does not demonstrate a pattern). Second, there is by no means clear
evidence that Ms. White's statements at South Shore Hospital regarding what
happened to her with Barry and Katrina were either false or the subject of ‑2‑ a later recantation (as the Defendant's motion alleges). See
Commonwealth v. Costa, 69 Mass. App. Ct. 823, 831, rev. den., 450 Mass. 1101
(2007) ("To open the gate to cross‑examination, the evidence of falsity of
an accusation must be solid, as when the accusing witness has recanted the
other allegation."). Indeed, the hospital record before the Court is
altogether consistent with the complainant's contemporaneous journal entry
regarding this incident. See Commonwealth v. Vieira, 401 Mass. 828, 839 (1988)
(no right to cross‑examine when proffered hospital record did not provide evidence
that prior allegation of rape was false). The complainant's alleged statement
to her mother, Denise McCarthy, that she had exaggerated the events of the
evening likewise fails to demonstrate falsity within the contemplation of
Bohannon. That Ms. White chose ultimately not to characterize what happened to
her in this unusual situation as "rape" does not mean that her
initial claim that she had been sexually assaulted was a fabrication. The
documented evidence does, after all, indicate that what began as a consensual
sexual encounter among three adults culminated in a vaginal penetration that
surprised and upset the complainant, a penetration to which Ms. White had not
consented. That Barry's penile penetration of Ms. White did not fall within the
boundaries of the parties' agreed sexuality on this occasion is, at least to
some degree, corroborated by the ensuing violence it evidently sparked among
the three participating individuals. The records further indicate that Ms.
White was intoxicated at the time, and thus could not have given proper consent
to sexual intercourse. See Commonwealth v. Urban, 450 Mass. 608, 612‑14 (2008);
Commonwealth v. Blache, 450 Mass. 583, 591‑92 (2008). This case does not, therefore,
present a situation in which the complainant previously contrived an accusation
of rape having no basis in fact. Sexual intercourse occurred, and Ms. -3- White's consent to same appears to be in substantial doubt.
That Ms. White may subjectively have come to believe it an overstatement to say
that she had been raped does not mean that her prior claim to this effect was
in fact false; so the premise that the complainant's statements to Denise
McCarthy were in the nature of a retraction of a fictitious charge is simply
not the case. These facts once again remove Ms. White's prior conduct from the
narrow purview of Bohannon. See Commonwealth v. Talbot, 444 Mass. at 591
("mere fact that [complainant] had said she was joking did not establish
that her statement was false"); Commonwealth v. Lee, 2002 WL 172004 at *3
(Mass. App. Ct. Rule 1:28), rev. den., 436 Mass. 1103 (2002) (evidence that
complainant was extremely intoxicated and later believed she was mistaken about
whether she had been sexually assaulted did not establish falsity of prior
accusation). Compare Commonwealth v. Nichols, 37 Mass. App. Ct. 332, 335 (1994)
(permitting cross‑examination where complainant admitted that her prior
accusation was false). Third, the collateral accusation
that the Defendant seeks to introduce into evidence occurred fully 11 years
prior to the charged rape at issue in this case. It is not, therefore,
"proximate in time" to the accusation sought to be impeached, as
several decisions of the Appeals Court handed down since Bohannon have
required. See Commonwealth v. Wise, 39 Mass. App. Ct. 922 (1995) ("The
false accusation may be prior to or later than the accusation that is being
tried, but the collateral false one must have been made close in time to the
primary one") ; Commonwealth v. Nichols, 37 Mass. App. Ct. at 335
("It is surely important that the collateral allegation be proximate in
time to the primary accusation against the defendant"); Commonwealth v.
Walsh, 2005 WL 1552862 at *2 (Mass. App. Ct. Rule 1:28) (similar). The temporal
remoteness of the false accusation ascribed to Heather White in 2003
constitutes an independently ‑4‑ sufficient ground for exclusion of this evidence. Finally, whatever limited probative
value the evidence might have for impeachment purposes is, in the Court's
estimation, far outweighed by its risk of unfair prejudice. The admission of
such evidence would expose the jury to a multi‑party episode of arguably
promiscuous behavior on the part of an alleged victim, and do so in a manner
inconsistent with the aspirations of the Massachusetts rape‑shield statute,
G.L. c. 233, c 21B. See Commonwealth v. Domaingue, 397 Mass. 693, 696‑700 (1986). The related
risk of juror confusion and undue consumption of time trying collateral matters
further reinforces the Court's judgment that this evidence is not properly
admitted at the trial of Mr. Nash's case. See generally Mass. G. Evid. C 403 (2018 ed.). FEIGNED UNCONSCIOUSNESS Turning to the second matter raised
in the Defendant's motion, the Court finds that the would‑be testimony of
Denise McCarthy ‑ viz., that Ms. White once pretended to be asleep while her
young son was crying, and only woke up when she realized that a 911 call was
being placed to address the matter ‑ is offered for an improper propensity
purpose. [1] The Defendant's theory of relevance appears to be that Heather
White has a history of feigning unconsciousness to serve selfish purposes. That
is, having once pretended to be asleep to avoid the burden of caring for a
crying child, Ms. White should be considered more likely (than would be the
case without the evidence) to have engaged in a similar charade to conceal her
consent to sexual intercourse with --------------------------- [1] The Court further questions
whether Ms. McCarthy would even be competent to testify that the complainant
was "pretending" to be asleep on this occasion. Not an expert in
circadian science, Ms. McCarthy's lay opinion that Ms. White was not actually
sleeping appears open to challenge on this ground. See generally Mass. G. Evid.
C 701 (2018 ed.). -5- the Defendant. This, of course, is a textbook example of
offering prior bad acts to show a party's bad character or propensity for
untruthfulness, and it is impermissible under our rules of evidence. See
Commonwealth v. Veiovis, 477 Mass. 472, 481‑82 (2017). See generally Mass. G.
Evid. C 404(b)(1) (2018 ed.). Although the Defendant seeks to
evade the bar of exclusion set by Section 404(b) by attributing to the
complainant a "modus operandi," that exception only applies where
prior bad acts evidence is offered to prove the identity of a perpetrator ‑
such as where the prior events and the circumstances of the crime share
distinctive similarities. See Commonwealth v. Veiovis, 477 Mass. at 483. There
is no issue of identity in the present case, however; and, in all events,
pretending to be asleep to avoid dealing with a crying toddler is in no sense
similar to claiming false unconsciousness during a sexual encounter. The
Defendant has not demonstrated any distinctive pattern of conduct on the part
of Ms. White. Nor has he shown that the prior incident is otherwise relevant
for some legitimate purpose, such as to show motive, intent, knowledge, absence
of mistake, or the like. See Mass. G. Evid. C 404(b)(2). Instead, the Defendant
offers evidence of the complainant's prior bad act ‑ feigning lack
of consciousness to avoid maternal responsibility ‑ in the hope that the jury
will infer that she did something similar in the present case to avoid sexual
responsibility. This is the very essence of what our rules against the
admission of prior bad acts evidence is designed to prevent. See Commonwealth
v. Bregoli, 431 Mass. 265, 275 (2000); Commonwealth v. Lavelle, 414 Mass. at
151. ‑6‑ CONCLUSION AND ORDER For all the foregoing reasons, the
Defendant's Motion in Limine to Admit Evidence of the Complaining Witness's
Prior Conduct is DENIED. SO ORDERED. Robert B. Gordon, Justice of the Superior Court November 15, 2018 ‑7‑