COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


JESSE DONALD RICHARDSON, S/K/A
 JESSE DONALD RICHARDSON, JR.
                                                                OPINION BY
v.        Record No. 0143-03-3                CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                              JANUARY 13, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Joseph R. Winston, Special Appellate Counsel (Public Defender
Commission, on briefs), for appellant.

Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Jesse Donald Richardson (appellant) appeals his conviction by a jury of aggravated

sexual battery under Code § 18.2-67.3.[1]  At trial, appellant sought to attack the victim's

credibility by introducing evidence that the victim made prior false allegations of sexual assault.

The sole issue on appeal is whether the trial court abused its discretion in finding inadmissible

evidence of alleged prior false allegations by the victim.  We hold that the trial court did not

abuse its discretion because appellant failed to provide a sufficient proffer to allow the trial court

to make the requisite threshold determination that a reasonable probability of falsity existed.

Thus, we affirm the conviction.

---

[1] Appellant was also charged with statutory rape under Code § 18.2-61, and was acquitted
of that charge at trial.

# I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

On the evening of February 9-10, 2002, A.P., who was twelve years old, spent the night at the home of Rose Harris. Appellant, who was Harris' brother, came to the house to change his clothes. When Harris left to run an errand, appellant went into Harris' bedroom and pulled A.P. into the room. He touched her buttocks, put his hand under her shirt and rubbed her breasts, and exposed himself to her, saying, "You can't handle this." Appellant told her that he would be back later that night and that she should be waiting for him. When Harris returned home, A.P. told her what appellant had done, and Harris told her to sleep upstairs with the smaller children because appellant did not usually go upstairs. While in bed that night, appellant came into the room upstairs where the victim was sleeping, and sexually assaulted her. He threatened to kill her if she told anyone.

# II. PRETRIAL MOTION

Prior to jury selection, appellant filed a "Notice of Admission of Evidence" pursuant to Code § 18.2-67.7 to allow him to present evidence of earlier false allegations of sexual assault against "Rose Harris's son Ronny Prillaman . . . and an adult male Matthew Hart."

Appellant stated that he could present evidence that A.P. had made two prior false accusations against Ronny Prillaman and that Prillaman was "ready to testify that both of these allegations are untrue." The 1999 claim against Prillaman had never been adjudicated, although as a result of these allegations Prillaman and A.P. were "more or less quarantined from each other." The more recent complaint was being investigated at the time of the hearing. At appellant's preliminary hearing, A.P. testified that she also had been fondled by a former boyfriend of her mother who then left the area and was unavailable at trial. Appellant failed to proffer any evidence to prove that allegation was false. Appellant conceded that he was "not sure exactly what these allegations – the details of these allegations . . . other than what [he could] piece together from, you know, talking to Rose and the evidence that was presented at the preliminary hearing."

After reviewing the standard for the admission of this type of evidence, the trial judge ruled as follows:

> I have considered the [Clinebell] case, 235 Va. 319. I have also considered the law of evidence in Virginia by Professor Friend and the proffer of evidence from counsel for the defense. And it is the court's opinion that the evidence listed on the Notice of Admission of Evidence pursuant to statute 18.2-67.7 would not be admissible.

Appellant was subsequently convicted of aggravated sexual battery under Code § 18.2-67.3. On appeal, appellant contends that the trial court abused its discretion in ruling that the evidence proffered was inadmissible and that he was deprived of his constitutional right to cross-examine the witness. We disagree.

## III. ANALYSIS

The issue we must decide in this case is whether the trial court abused its discretion in excluding the proffered testimony of Prillaman denying that he had earlier sexually assaulted the

complaining witness. In effect, we must address whether a mere denial was sufficient to establish "a reasonable probability of falsity."

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). "Cross examination is an absolute right guaranteed to a defendant by the confrontation clause of the Sixth Amendment and is fundamental to the truth-finding process." Clinebell v. Commonwealth, 235 Va. 319, 325, 368 S.E.2d 263, 266 (1988) (citing Davis v. Alaska, 415 U.S. 308, 315-17 (1974)). Ordinarily, "a witness' credibility may not be impeached by showing specific acts of untruthfulness or bad conduct." Id. at 323-24, 368 S.E.2d at 265. However "the complaining witness [in sex offense cases] may be cross-examined about prior false accusations, and if the witness denies making the statement, the defense may submit proof of such charges." Id. at 325, 368 S.E.2d at 266 (citing State v. Mikula, 269 N.W.2d 195, 198-99 (Mich. Ct. App. 1978)). However, such accusations are admissible "only if a court makes a threshold determination that a reasonable probability of falsity exists." Id.[2]

The "reasonable probability of falsity" test enunciated by the Supreme Court in Clinebell, controls the admissibility of the proffered evidence in this case. In Clinebell, the trial court found that a father accused of rape by his daughter had a right to question her about two prior "patently untrue" claims that when she was ten and eleven years old she was pregnant and that

---

[2] Because the evidence appellant sought to admit consists of prior allegations, not "sexual conduct" under Code § 18.2-67.7, the Rape Shield statute is not implicated in the instant case. See Clinebell, 235 Va. at 322, 368 S.E.2d at 264; Cairns v. Commonwealth, 40 Va. App. 271, 283, 579 S.E.2d 340, 346 (2003).

she had earlier accused her uncle and grandfather of sexual assault.[3]  Because the victim's prior claims were "obviously false," the Supreme Court held that a jury could properly infer that her claims of sexual misconduct against her grandfather and uncle, and her pending claim against her father, were also false.

Unlike the factual scenario outlined above, the proffered evidence of falsity in the instant case is the mere denial by Prillaman of the earlier allegations as outlined by appellant's mother to defense counsel.  Although we have not yet addressed whether mere denial testimony provides a reasonable probability of falsity, other jurisdictions that have considered this issue have concluded that it is inherently self-serving and does not, by itself, establish falsity.  We agree. See Hughes v. Raines, 641 F.2d 790, 792-93 (9th Cir. 1981) (holding in a habeas corpus proceeding that the defendant's denial and the non-prosecution of another for a rape alleged by the same complaining witness does not prove falsity); Commonwealth v. Hicks, 503 N.E.2d 969, 973 (Mass. App. Ct. 1987) (trial judge did not abuse his discretion in determining that the offer of proof as to falsity of two allegedly false allegations did not "provide evidence of similar probative force" sufficient to meet the threshold requirements for admissibility); State v. Anderson, 686 P.2d 193, 200 (Mont. 1984) (holding that the "mere denial" of an act does not establish falsity); State v. Kringstad, 353 N.W.2d 302, 311 (N.D. 1984) (holding that a denial of prior allegation of rape was insufficient to show falsity absent corroborating testimony); Quinn v. Haynes, 234 F.3d 837, 850 (4th Cir. 2000) (holding in a habeas corpus proceeding there was no violation of  the Confrontation Clause because "simple denial testimony" is insufficient to establish a falsity basis and such testimony is "inherently self-serving and unreliable").

---

[3]  Her grandfather was acquitted after a trial.

Appellant's reliance on <u>Winfield v. Commonwealth</u>, 225 Va. 211, 301 S.E.2d 15 (1983), is misplaced. In <u>Winfield,</u> a case controlled by Code §18.2-67.7(C) delineating relevant past sexual conduct, the victim had a "distinctive pattern of past sexual conduct, involving the extortion of money by threat after acts of prostitution," and "the proffered testimony of [the witness] appeared to contain elements of this kind." <u>Id.</u> at 220, 301 S.E.2d at 20. This is a distinctly different factual situation from the one at bar.

Thus, we hold that the trial court did not abuse its discretion in ruling that the proffered denial of Prillaman and the total absence of any proffer about the validity of her complaint of fondling by Matthew Hart does not satisfy the <u>Clinebell</u> threshold requirement of reasonable probability of falsity. Defense counsel conceded that he was unsure of the details of the allegations other than "what [he could] piece together from, you know, talking to Rose [Harris (appellant's sister)] and the evidence that was presented at the preliminary hearing." There was no evidence presented to support the prior allegations other than Prillaman's denial, and no evidence at all was proffered about the complaint against Matthew Hart. Thus, it was not an abuse of discretion of the trial court to find that this testimony, standing alone, would not provide a reasonable probability that the victim's allegations were false. We, therefore, affirm the judgment of the trial court.

<u>Affirmed.</u>