UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Decker
Argued at Norfolk, Virginia


JOHN W. LEGAULT

                                                          MEMORANDUM OPINION* BY
v.        Record No. 2370-13-1                            JUDGE WILLIAM G. PETTY
                                                          JUNE 30, 2015
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Edward W. Hanson, Jr., Judge

              James P. Normile, IV (Zoby, Broccoletti & Normile, P.C., on briefs),
              for appellant.

              Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
              Attorney General, on briefs), for appellee.


        John W. Legault was convicted of taking indecent liberties with a child in violation of

Code § 18.2-370(A)(1).  On appeal, Legault argues:

              The trial court erred and abused its discretion in not allowing the
              defendant to introduce relevant evidence of the alleged victim's
              prior false allegation of sexual abuse by the defendant.  The trial
              court's ruling that such testimony was irrelevant deprived the
              defendant of the opportunity to provide evidence that was vital to
              the defendant.

We agree and reverse the conviction.

                                    I. BACKGROUND

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

On January 24, 2013, Legault was tried by a bench trial on two counts of carnal knowledge in violation of Code § 18.2-63 and one count of indecent liberties in violation of Code § 18.2-370(A)(1). The victim, D.C., testified at trial regarding all three alleged incidents. Legault was acquitted of two counts of carnal knowledge and found guilty of one count of indecent liberties, which he now appeals. Relevant to that conviction, D.C. testified to the following: On April 6, 2011, D.C. was in his room playing a video game when Legault entered his room. Legault knelt down beside D.C. and started rubbing his leg. Legault pushed up the leg of D.C.'s shorts, then pulled D.C.'s penis out of his shorts and began rubbing it. D.C.'s uncle, Charles Scott, then walked into the room. Legault quickly stood up, pulled down D.C.'s shorts, and grabbed the video game controller from D.C. Scott asked Legault and D.C. what they were doing, and Legault responded that they were playing a game. Scott also testified at trial, saying that he looked into D.C.'s room and noticed that Legault was kneeling down close to D.C. Scott testified that when he entered the room, Legault seemed surprised and jumped up.

On cross-examination, Legault's defense counsel sought to impeach D.C. by cross-examining him about similar pending charges in Norfolk, claiming the charges were based on a false accusation by D.C. The trial court sustained the Commonwealth's objection to this line of questioning and told Legault's counsel that he could proffer the testimony later.

At the beginning of trial the next day, Legault's counsel renewed his motion to introduce evidence regarding the Norfolk charges. Counsel argued that cross-examination on the prior accusation is admissible under Clinebell v. Commonwealth, 235 Va. 319, 368 S.E.2d 263 (1989),

if the court makes a threshold determination that a reasonable probability of falsity exists. The judge asked, "How are you going to prove that?," and counsel responded, "I guess I'll have to proffer, your honor." The sum and substance of that proffer was as follows[1]:

> [T]he bottom line is he's made false accus—well, he's made prior accusations in Norfolk. And in the Norfolk case he's narrowed it down to a certain particular day this incident took place in Norfolk.
>
> \* \* \* \* \* \* \*
>
> I have the medical records to back up that that's the date to show that's the date he was talking about that this incident happened, as well as his prior testimony at a preliminary hearing. I also have phone records and eyewitnesses of that same date and time—time period showing that Mr. Legault was out of the state. He was in North Carolina at the time. He's not in Norfolk.
>
> \* \* \* \* \* \* \*
>
> It's the same. [D.C.] saying that another incident happened identical, the reaching up the shorts, and pulling the shorts down, and rubbing—well, working his way up his thigh, pulling the shorts down, basketball shorts, and then the same exact incident happening in five minutes. He's made that allegation in Norfolk. He puts it on a date as to when his grandmother is in the hospital. He spent the weekend with Jay.
>
> \* \* \* \* \* \* \*
>
> Well, I think it's a false accusation because my client wasn't in the state at the time. He was in North Carolina. I have the phone records showing he was in North Carolina.
>
> \* \* \* \* \* \* \*
>
> [I know it was false] [b]ecause [D.C.] says that it happened and my client was not in the state.
>
> \* \* \* \* \* \* \*

---

[1] These statements were spread throughout Legault's argument regarding the admissibility of his proof of the victim's alleged prior false allegation. It certainly would have been more helpful to the trial court to have offered the transcript of the victim's prior testimony and a cogent summary of the exact testimony each witness would have given.

It's still pending in Norfolk Circuit Court, so the matter hasn't been tried yet. But I have the general district court transcript. I was going to ask him about that, but I was precluded from doing that, obviously.

\* \* \* \* \* \* \*

Phone records and eyewitnesses. The eyewitnesses are outside and his phone records show that his phone was being used in North Carolina that whole weekend. And I have two eyewitnesses that went down on that Saturday and spent the day with Mr. Legault.

\* \* \* \* \* \* \*

Phone records show that he was in North Carolina. [D.C.] said he spent the weekend with Jay because his grandfather was in the hospital between the 18th and the 23rd of March. Jay was in North Carolina every single day—Mr. Legault was in North Carolina every single day during that period of time. And his phone records will show that along with his—along with the testimony from Mr. Legault and from the two witnesses outside that saw him on that Saturday. They went and traveled down and saw him that Saturday.

\* \* \* \* \* \* \*

He's clear in this preliminary transcript, which I have in front of me, of what date this happened. It happened on this date because my [grandfather] went in the hospital that day. I was with Jay. It's not a —we're not guessing the dates.

The Commonwealth objected to introduction of this evidence, stating, "It's not a false accusation. It's a pending trial and . . . we would have to basically try Norfolk's case here." Additionally, the Commonwealth argued, "[D.C.] may not have the dates exactly correct . . . the issue is not exactly when it is . . . if it's near that time frame, then it's not going to be dismissed simply because the dates are not exactly precise." Legault's counsel responded that the preliminary hearing transcript was clear with regard to the date of the alleged incident in Norfolk. The judge denied Legault's motion to introduce evidence regarding the Norfolk charges, stating "it's not whether the dates are false. It's the actual act." Legault appeals this ruling.

- 4 -

## II. ANALYSIS

### A. The Trial Court Erred in Excluding the Evidence.

"Determining the admissibility of relevant evidence is within the sound discretion of the trial court 'subject to the test of abuse of that discretion.'" Creamer v. Commonwealth, 64 Va. App. 185, 194, 767 S.E.2d 226, 230 (2015) (quoting Beck v. Commonwealth, 253 Va. 373, 384-85, 484 S.E.2d 898, 905 (1997)). A court has abused its discretion when "'a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.'" Turner v. Commonwealth, 284 Va. 198, 206, 726 S.E.2d 325, 329 (2012) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)). "'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Id. (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)).

"Ordinarily, 'a witness' credibility may not be impeached by showing specific acts of untruthfulness or bad conduct.'" Richardson v. Commonwealth, 42 Va. App. 236, 240, 590 S.E.2d 618, 620 (2004) (quoting Clinebell, 235 Va. at 323-24, 368 S.E.2d at 265). Nonetheless, "[a]t least in the context of prosecutions of sexual offenses, evidentiary constraints must sometimes yield to a defendant's right of cross-examination" guaranteed by the Confrontation Clause of the Sixth Amendment. Clinebell, 235 Va. at 325, 368 S.E.2d at 266. Thus, in Clinebell, the Supreme Court held that "in a sex crime case, the complaining witness may be cross-examined about prior false accusations, and if the witness denies making the statement, the defense may submit proof of such charges." Id. However, a witness' prior accusations are admissible "only if a court makes a threshold determination that a reasonable probability of

- 5 -

falsity exists." Id. "Unless the prior claims of sexual abuse are 'patently untrue' on their face, Clinebell, 235 Va. at 325, 368 S.E.2d at 266 . . . , the defendant must proffer evidence sufficient to persuade a trial court of a 'reasonable probability that the victim's allegations were false,' Richardson, 42 Va. App. at 242, 590 S.E.2d at 621." Roadcap v. Commonwealth, 50 Va. App. 732, 740, 653 S.E.2d 620, 624 (2007).

Here, we conclude that Legault met the burden of proving a reasonable probability of falsity. Legault's counsel proffered D.C.'s testimony from the preliminary hearing in Norfolk and pointed out the similarity of the acts alleged. Counsel told the court that D.C. had testified that he spent the weekend with Legault because D.C.'s grandfather was in the hospital. Counsel then proffered evidence to demonstrate Legault's alibi for that particular date range—counsel stated that he had the medical records showing that D.C.'s grandfather was in the hospital from March 18 to 23 and phone records to prove that Legault was in North Carolina every day during that time frame. Counsel also told the court that he planned to call two eyewitnesses to testify that they saw Legault in North Carolina on the Saturday in question.

In response, the Commonwealth argues that this evidence was insufficient to demonstrate a reasonable probability of falsity. The Commonwealth contends that even if the date was wrong, that does not mean that the entire allegation was false because Legault could have committed the acts described by D.C. on a different day. The Commonwealth relies on our holding that "when the age of the victim is not in dispute, time is not of the essence of such an offense, and the Commonwealth is not required to specify the exact date." Yeager v. Commonwealth, 16 Va. App. 761, 765, 433 S.E.2d 248, 250 (1993). While it is true that the Commonwealth is not *required* to specify exact dates, here, a specific date was identified by the victim. The Commonwealth did not challenge the defense's contention that the assault took

place between March 18 and 23, and the defense proffered medical records, phone records, and eyewitness evidence to demonstrate Legault's alibi for that time frame.[2]

Furthermore, Legault was not required to prove beyond a reasonable doubt that the prior allegations against him were false, he merely needed to meet the much lower standard of a "reasonable probability of falsity." While it is true there is a possibility that the assault could have taken place on another date, Legault was not required to completely disprove the prior allegation. In fact, the purpose of the threshold probability of falsity requirement is to avoid a "'mini-trial' . . . 'to determine if each incident actually occurred.'" Roadcap, 50 Va. App. at 740, 653 S.E.2d at 624 (quoting State v. Le Clair, 730 P.2d 609, 616 (Or. Ct. App. 1986)). This is not a case such as Roadcap or Richardson, where the defendants merely denied the prior accusations and proffered no evidence demonstrating a reasonable probability of falsity. See id.; Richardson, 42 Va. App. at 242, 590 S.E.2d at 621. Accordingly, we hold that Legault's proffered evidence of an alibi for the date in question was sufficient to demonstrate a reasonable probability that D.C.'s prior allegations were false. Therefore, the trial court abused its discretion in excluding evidence of D.C.'s prior allegation.

---

[2] We note that

> [a] proper proffer may consist of a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected. Absent such acquiescence or stipulation, the error assigned to the rejection of the testimony will not be considered unless it has been given in the absence of the jury and made a part of the record.

Stewart v. Commonwealth, 10 Va. App. 563, 568, 394 S.E.2d 509, 512 (1990). Here, the preliminary hearing transcript and other documents were not made a part of the record and the witnesses were not called to make their testimony a part of the record. However, at trial, the Commonwealth did not challenge the accuracy of defense counsel's summary of the evidence. Additionally, the Commonwealth conceded on brief and at oral argument that Legault made a proper proffer of the evidence. Therefore, for purposes of this appeal, we assume that the evidence is as Legault's counsel described it.

B.  The Error Was Not Harmless.

The Commonwealth argues that even if the trial court erred in precluding Legault's cross-examination of D.C., any error was harmless.  We disagree.  "Cross-examination is an absolute right guaranteed to a defendant by the confrontation clause of the Sixth Amendment and is fundamental to the truth-finding process."  Clinebell, 235 Va. at 325, 368 S.E.2d at 266.  Thus, "error involving the Sixth Amendment's Confrontation Clause is subject to constitutional harmless error analysis."  Crawford v. Commonwealth, 281 Va. 84, 101, 704 S.E.2d 107, 117 (2011).  This analysis asks "'whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt.'"  Id. (quoting Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986)) (alteration omitted); see also Cairns v. Commonwealth, 40 Va. App. 271, 287, 579 S.E.2d 340, 347 (2003) ("[T]he error is harmless only if we can say beyond a reasonable doubt that the error did not affect the verdict.").  In other words, "'[t]he question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'"  Crawford, 281 Va. at 100, 704 S.E.2d at 117 (alteration in original) (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963)).

Whether an error is harmless depends on numerous factors, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case."  Van Arsdall, 475 U.S. at 684.  In this case, D.C and two other witnesses testified regarding the incidents that took place on April 6.  D.C. testified that Legault touched his penis.  Scott corroborated D.C.'s account, testifying that he saw Legault kneeling down near D.C. and that Legault acted suspiciously when Scott entered the room.

- 8 -

Legault's friend, David Spruill, also testified that Legault had told him that he and D.C. were in the room together, and D.C. had his shorts down and he had to yank them up when Scott opened the door.

Even though Scott and Spruill corroborated D.C.'s version of events, D.C.'s testimony was not without credibility concerns. The defense cross-examined D.C. about a prior inconsistent statement made at the preliminary hearing in juvenile court. At the juvenile court hearing, D.C. testified that on April 6, Legault pulled his shorts and boxers down to his ankles, but at trial, D.C. testified that Legault pushed up his shorts and reached underneath them. Additionally, the defense presented witnesses that contradicted D.C.'s testimony regarding the two carnal knowledge charges. The trial court acquitted Legault on those two counts, stating that "[i]n order to find the defendant guilty, the court must disbelieve the testimony of the defense witnesses. This [the] court is not able to do."

By cross-examining D.C. on his prior allegation, Legault sought to suggest that D.C. fabricated the prior accusation and may have fabricated the April 6 incident. Given the credibility issues with D.C.'s testimony regarding the carnal knowledge allegations, it is entirely possible that the pursuit of the excluded line of impeachment could have further weakened D.C.'s credibility regarding the indecent liberties charge and damaged the strength of the Commonwealth's case. Therefore, we cannot say beyond a reasonable doubt that the exclusion of the line of cross-examination did not affect the verdict.

For the foregoing reasons, we reverse the judgment of the trial court and remand for a new trial should the Commonwealth be so advised.

Reversed and remanded.